**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Milton TREMBLE,
Defendant–Appellant.**

No. 90–5146.

United States Court of Appeals,
Eleventh Circuit.

June 17, 1991.

---

Charles M. Wishna, Asst. Federal Public Defender, Paul M. Korchin, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Michael Walleisa, Juan M. Vargas, Linda C. Hertz, Kathleen M. Salyer, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, EDMONDSON, Circuit Judge, and DYER, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

In this appeal we decide whether the sentence-enhancement provisions located at 21 U.S.C. §§ 960(b)(2) & 962(b) apply to a defendant whose prior state conviction is for an offense considered a felony by the state but which would have been a misdemeanor under federal law. Defendant Milton Tremble alternatively challenges the government's interpretation of 21 U.S.C. §§ 960(b)(2) & 962(b) and the constitutionality of those provisions as applied. For the reasons stated below, we AFFIRM defendant's enhanced sentence under 21 U.S.C. §§ 960(b)(2) & 962(b).

I.

Defendant pled guilty to one count of importing at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 952(a) & 960(a)(1), (b). Before entering into the plea agreement, the government filed a "Second Offender Information" indicating that defendant was subject to sentence-enhancement due to a prior conviction under Florida law for the "third-degree felony" of simple possession of cocaine.[1] The information de-

---

1. Defendant was convicted of violating Fla.Stat. § 893.13(1)(f), which provides in relevant part as follows:

> It is unlawful for any person to be in actual or constructive possession of a controlled substance.... Any person who violates this provision is guilty of a felony of the third degree, punishable as provided in § 775.082....

Fla.Stat. § 893.13(1)(f).

Section 775.082(3)(d) provides that for third-degree felonies, the defendant may be punished "by a term not exceeding 5 years." Fla.Stat. § 775.082(3)(d).

clared the government's planned request that defendant's sentence be adjusted pursuant to 21 U.S.C. §§ 960(b)(2) & 962(b), which provide for an enhanced minimum mandatory prison sentence where a convicted felon—under state, federal, or foreign law—is subsequently convicted of, among other things, narcotics importation.[2]

Applying the Guidelines, the district court concluded that the applicable guideline range was 77 to 96 months and that defendant should be sentenced in the low to middle portion of that range. The district court was constrained, however, by Guideline section 5G1.1(b), which requires that where the application of the Guidelines results in a sentence lower than the minimum mandatory sentence provided by statute, the statutory minimum governs. Applying sections 960(b)(2) and 962(b), the district court accordingly sentenced defendant to ten years in prison.[3]

Defendant appeals that sentence, arguing alternatively that (1) sections 960(b)(2) and 962(b) do not apply to a defendant whose prior state felony conviction would have been a misdemeanor under federal law, and, (2) if those provisions were correctly interpreted to apply under these circumstances, then application of these provi-

sions violated his right to substantive due process.

## II.

As an initial matter, we note that at each stage of the proceedings, defendant has relied upon a different legal theory to attack his sentence. In his motion to strike the Second Offender Information and again at sentencing, defendant argued that the sentence-enhancement provisions were inapplicable because his prior Florida conviction was the result of a prosecution by information, not the "prosecution by indictment" required by 21 U.S.C. § 851(a)(2). The district court rejected that argument because the plain language of that section requires only that the instant offense of conviction be the result of a prosecution by indictment. *See United States v. Espinosa*, 827 F.2d 604, 616–17 (9th Cir.1987). Defendant abandoned that argument on appeal, submitting as the only issue in his appellate brief that the district court's application of sections 960 and 962 violated his constitutional right to substantive due process. Later, at oral argument, defendant added a wholly new legal theory, namely, that the district court misinterpreted sections 960 and 962 to apply to prior state "felonies" that would have been misdemeanors under federal law.[4]

---

**2.** The two sentence-enhancement provisions, which the government has relied upon alternatively, are set out below:

1.

If any person commits such a [narcotics-related] violation after one or more prior convictions for an offense punishable under this subsection, ... *or for a felony under any other provision* of this subchapter or subchapter I of this chapter *or other law of a State*, the United States, or a foreign country *relating to narcotic drugs*, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not less than 10 years and not more than life imprisonment....

21 U.S.C. § 960(b)(2) (emphasis added).

2.

(a) Term of imprisonment and fine

Any persons convicted of any offense under this subchapter is, if the offense is a second or subsequent offense, punishable by a term of imprisonment twice that otherwise authorized, by twice the fine otherwise authorized, or by both....

(b) For purposes of this section, a person shall be considered convicted of a second or

subsequent offense if, prior to commission of such offense, one or more prior convictions of him *for a felony under any provision* of this subchapter or subchapter I of this chapter *or other law of a State*, the United States, or a foreign country *relating to narcotic drugs*, marihuana, or depressant or stimulant drugs, have become final.

21 U.S.C. § 962 (emphasis added).

**3.** Assuming defendant's prior conviction meets the applicable requirements, both provisions yield a ten-year prison sentence. Section 960(b)(2) explicitly provides for a ten-year, minimum mandatory sentence. Under section 962, the otherwise applicable sentence is doubled; without any enhancement, the applicable sentence for defendant's offense of conviction would be five years imprisonment. *See* 21 U.S.C. § 960(b)(2) & (b)(2)(B).

**4.** It is noteworthy that defendant conceded in his original appellate brief that, properly interpreted, sections 960 and 962 would require enhancement even where the prior state felony conviction would have been a misdemeanor un-

In general, "an appellate court will not consider a legal issue or theory raised for the first time on appeal. The decision whether to consider such an argument is left to the appellate court's discretion." *United States v. Southern Fabricating Co.*, 764 F.2d 780, 781 (11th Cir.1985) (citations omitted). Even if we were to address defendant's novel legal theories, our analysis would generally be guided by a more deferential standard of review because "absent plain error we would not reverse the district court on an issue not clearly presented to it for decision." *Id.* at 781–82; *see also United States v. Reyes–Vasquez*, 905 F.2d 1497, 1500–01 (11th Cir.1990) (plain error doctrine applied to novel theory in context of criminal appeal). We are even less inclined to address defendant's theory that the district court misinterpreted sections 960 and 962 to apply to prior state "felonies" that would be misdemeanors under federal law. As noted earlier, this theory was first introduced by defendant at oral argument, and we generally "deem abandoned all issues except the issue treated in appellant's briefs." *See United States v. Milam*, 855 F.2d 739, 743 (11th Cir.1988) (citations omitted).

But, the government has not asserted that the issues of constitutionality and statutory interpretation were raised for the first time on appeal, nor has the government requested that we apply a more deferential, plain error review as a result. Considering this omission, we exercise our discretion and will reach the merits of defendant's claims concerning the constitutionality and proper interpretation of sections 960 and 962.

der federal law. *See, e.g.*, Brief for Appellant at 10 ("Appellant's prior conviction ... for mere possession ... is required by statute to be treated as a sufficient basis for doubling the mandatory minimum penalty under 21 U.S.C. §§ 960 and 962.").

5. The section governing simple possession, 21 U.S.C. § 844(a), does not state explicitly that simple possession is a misdemeanor; rather, the section provides that the offense is punishable by a prison sentence of "not more than one year." Congress has provided elsewhere, however, that "[a]ny offense punishable by death or

### III. Statutory Interpretation

■ The Supreme Court has often repeated the "fundamental rule of judicial restraint" that cautions us not to "decide questions of a constitutional nature unless absolutely necessary to a decision of the case." *Three Affiliated Tribes of Ft. Berthold Reservation v. Wold Engineering, P.C.*, 467 U.S. 138, 157, 104 S.Ct. 2267, 2279, 81 L.Ed.2d 113 (1984) (Scalia, J., concurring in part and concurring in judgment); *see also Burton v. United States*, 196 U.S. 283, 295, 25 S.Ct. 243, 245, 49 L.Ed. 482 (1905). As a result, we will first consider defendant's claim that the district court misinterpreted sections 960 and 962 before reaching the constitutionality of those provisions.

Defendant's chief contention at oral argument was that the district court read sections 960(b)(2) and 962(b) too broadly, applying those sentence-enhancement provisions to a defendant whose prior state "felony" conviction would have been a misdemeanor had defendant been prosecuted under federal law. As noted earlier, the state of Florida categorizes simple possession of cocaine as a "third-degree felony." *See supra* note 1. Under federal law, defendant's conviction for simple possession of cocaine would have constituted a misdemeanor. *See* 21 U.S.C. § 844.[5] Defendant contends that Congress intended these sections to apply only where a defendant's prior state "felony" conviction would also have been a "felony" under federal law.

Relying heavily on the Supreme Court's opinion in *Taylor v. United States*, —— U.S. ——, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), defendant argues that Congress could not have intended the result here,

imprisonment for a term exceeding one year is a felony," while "[a]ny other offense is a misdemeanor." 18 U.S.C. §§ 1(1) & (2). Although this section was later repealed, *see* Pub.L. 98–473, Title II, § 218(a)(1), 98 Stat. 2027, it remained applicable to offenses committed prior to November 1, 1987. Defendant committed the crime of simple possession on September 8, 1987. As a result, a conviction before November 1, 1987, for violating section 844(a) would have been considered a misdemeanor conviction.

where the application of sections 960 and 962 depends on whether a particular state defined the prior offense as a "felony." In *Taylor*, the Court interpreted another sentence-enhancement statute, 18 U.S.C. § 924(e), to determine whether Congress intended "burglary" as used in that section to "mean whatever the State of the defendant's prior conviction defines as burglary, or whether it intended that some uniform definition of burglary be applied." *Taylor*, —— U.S. at ——, 110 S.Ct. at 2149. The Court concluded that Congress must have intended a "generic" or "categorical" definition of burglary, rejecting the approach of the circuit court below that had allowed state categorizations of an offense as "burglary" to be dispositive. *Id.* at ——, 110 S.Ct. at 2158. During its review of the section's legislative history, the Court noted that by adopting a generic approach, Congress "protected offenders from the unfairness of having enhancement depend upon the label employed by the State of conviction." *Id.* at ——, 110 S.Ct. at 2153.

Defendant's reliance on *Taylor* is unavailing. The *Taylor* Court's analysis was guided by the general principle of statutory interpretation that "in the absence of a plain indication of an intent to incorporate diverse state laws into a federal criminal statute, the meaning of a federal statute should not be dependent on state law." *Id.* at ——, 110 S.Ct. at 2154 (citations omitted). The text of section 924(e) was silent on the issue of what law would determine whether a prior offense was "burglary" for enhancement purposes. *Id.* at ——, 110 S.Ct. at 2149. In addition, the previous version of section 924(e) included a generic definition of "burglary," and an extensive review by the Court of the section's legislative history revealed no "indication that Congress ever abandoned its general approach." *Id.* at ——, 110 S.Ct. at 2154.

But, the meaning of sections 960 and 962 is plain from the text: both sections provide for enhancement where the prior offense is a narcotics-related felony under federal, state, or foreign law. *See* 21 U.S.C. § 960(b)(2) (enhancement where prior offense was "*a felony under any other provision of* this subchapter or subchapter I of this chapter or *other law of a State,* the United States, or a foreign country *relating to narcotic drugs*") (emphasis added); 21 U.S.C. § 962(b) (enhancement where prior offense was "*a felony under any provision of* this subchapter or subchapter I of this chapter or *other law of a State,* the United States, or a foreign country *relating to narcotic drugs*") (emphasis added).

Defendant urges that we interpret sections 960(b)(2) and 962(b) in a way consistent with other federal sentence-enhancement provisions requiring that the prior state conviction be for more than simple possession of a controlled substance. *See, e.g.,* § 924(e)(2)(A)(ii) (defining prior state offense as "involving manufacturing, distributing, or *possessing with intent to manufacture or distribute,* a controlled substance ... for which a maximum term of imprisonment of ten years or more is prescribed by law") (emphasis added); U.S. S.G. § 4B1.2(2) (for "career offender" enhancement, prior controlled substance offense includes only offenses "under a federal or state law prohibiting the manufacture, import, export, or distribution of a controlled substance ... or *the possession of a controlled substance ... with intent to manufacture, import, export, or distribute*") (emphasis added). Defendant also argues that Congress would never have intended that disparities in how states categorize a particular offense should govern whether those prior offenses become predicates for federal sentence enhancement.

But, defendant offers absolutely no evidence, either from the text of sections 960(b)(2) and 962(b) or from their legislative histories, to support his contention that Congress did not intend for the plain meaning of these sections to be controlling. In addition, the government points out that the existence of these other sentence-enhancement provisions requiring more than simple possession suggests that at the time Congress enacted sections 960(b)(2) and 962(b), that legislative body knew how to limit the types of prior convictions available

as predicates for sentence enhancement by using more precise definitions.

Because we conclude that the language of sections 960(b)(2) and 962(b) is itself "a clear expression of congressional intent, we need not resort to the legislative history of [those] section[s]." *United States v. Rojas–Contreras*, 474 U.S. 231, 235, 106 S.Ct. 555, 557, 88 L.Ed.2d 537 (1985); *see also Taylor*, 110 S.Ct. at 2160–61 (Scalia, J., concurring in part and concurring in judgment) (emphasizing that review of legislative history is unnecessary when meaning of text is clear). Even so, our review of the legislative history, discussed more fully in the next section, lends no support to defendant's strained interpretation of sections 960(b)(2) and 962(b).

## IV.  Constitutionality

■ Defendant contends that application of sections 960(b)(2) and 962(b) in this situation amounts to a violation of defendant's right to substantive due process. Defendant offers two ways in which the sections fail to comport with the requirements of the Constitution: (1) the vagaries of state categorizations are allowed to determine whether a particular offense is a predicate for enhancement, and (2) the same prior conduct requiring enhancement under these sections would not be significant enough to justify enhancement under other federal sentence-enhancement provisions.

We review the constitutionality of statutes subjected to substantive due process challenge with a high degree of deference to Congress: "where a statute does not discriminate on racial grounds or against a suspect class, Congress' judgment will be sustained in the absence of persuasive evidence that Congress had no reasonable basis for drawing the lines that it did." *United States v. Holmes*, 838 F.2d 1175, 1177 (11th Cir.1988) (upholding statute allowing sentence enhancement based upon quantity of cocaine possessed without regard to quality or purity of drug). Defendant makes no allegation that sections 960(b)(2) and 962(b) discriminate on racial grounds or against a suspect class; therefore, we must consider whether there is a rational basis supporting Congress' decision to incorporate varying state categorizations of particular crimes as "felonies," and to permit a prior conviction for simple possession to serve as a predicate offense under this section where it would not suffice under other federal sentence-enhancement provisions.

In 1984, Congress amended the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 962, to permit prior federal, state, and foreign felony drug convictions to be used for purposes of enhancing the sentences of repeat drug offenders convicted of violating 21 U.S.C. § 960(b). *See* Pub.L. 98–473, Title II, § 504, Oct. 12, 1984, 98 Stat. 2070. Before the amendment, only federal felony drug convictions could be predicates for enhancement under sections 960(b)(2) and 962(b).

Congress was responding, in part, to a widespread concern that "[i]llicit trafficking in drugs is one of the most serious crime problems facing the country, yet the present penalties for major drug offenses are often inconsistent or inadequate." H.R.Rep. No. 98–1030, 98th Cong., 2d Sess. 255, *reprinted in* 1984 *U.S. Code Cong. & Admin.News* 3182, 3437. Because only federal felonies could serve as predicate offenses under the prior version of section 962, the availability of federal sentence enhancement *always* depended upon whether the prior offense had been prosecuted under federal law. By also allowing state and foreign felonies to serve as predicates, Congress was attempting "to provide a more rational penalty structure for the major drug trafficking offenses punishable under the Comprehensive Drug Abuse Prevention and Control Act of 1970." *Id.* at 3182, 3437.

In a similar way, Congress amended section 960, as part of the Anti–Drug Abuse Act of 1986, to include convictions under state law and foreign law as enhancement predicates; only federal felonies had sufficed before. *See* Pub.L. 99–570, Title I, § 1302, Oct. 27, 1986, 100 Stat. 3207–15 to 3207–18. A committee report explaining the amendment to section 960 indicated Congress' intent "to significantly stiffen

the applicable penalties and reduce the actionable quantities of narcotics in import-related drug trafficking cases." H.R.Rep. No. 99–794, 99th Cong., 2d Sess. 24 (1986). The House Committee on Ways and Means, together with the House Committee on the Judiciary, acknowledged that the penalties under amended-section 960, especially the penalties enhanced due to prior convictions, were "quite severe," but expressed the belief that "such stringent penalties are necessary in order to act as a strong deterrent to the drug trafficking trade." *Id.*

Given Congress' desire "to significantly stiffen" narcotics-related sentence enhancement, while at the same time creating a "more consistent" penalty structure, we think the broader scope of predicate convictions accomplished by the changes to sections 960 and 962 is rationally related to that purpose. As noted earlier, under the prior versions of those sections, the applicability of federal sentence enhancement depended *entirely* upon whether the prior offense was prosecuted under federal or state law, thereby precluding enhancement for those convicted under state law for offenses that would have been felonies under federal law. Under the amended law, sentence enhancement depends upon whether some legislature—whether it be federal, state, or foreign—has determined that the prior offense is sufficiently serious to be considered a "felony."[6]

Moreover, sentence enhancement under sections 960 and 962 depends upon a bright-line categorization—that is, whether the jurisdiction in question defined the prior narcotics-related offense as a felony. As a result, a convicted felon is put on notice that he will be subject to an enhanced prison sentence under sections 960 and 962 if he is later convicted for any of the applicable federal offenses. Rather than the archaic state-by-state definitions of "burglary" at issue in *Taylor,* sections 960 and 962 look only to whether the prior offense is a "felony."

Defendant suggests that there are far more consistent and more rational schemes than the one accomplished by operation of sections 960 and 962, and he offers other federal sentence-enhancement provisions by way of demonstrating how anomalous these sections are. It would be an abuse of our authority, however, to use "rational basis" scrutiny as a means of second-guessing the wisdom of Congress' policy choices. "Our responsibility is not to determine whether this was the correct judgment or whether it best accomplishes Congressional objectives; rather, our responsibility is only to determine whether Congress' judgment was rational." *Holmes,* 838 F.2d at 1178; *see generally United States v. Evans,* 333 U.S. 483, 486, 68 S.Ct. 634, 636, 92 L.Ed. 823 (1948) ("[D]efining crimes and fixing penalties are legislative, not judicial, functions."). We conclude that sections 960 and 962 are rationally related to their stated goals and therefore reject defendant's constitutional attack.

### V.

Because we conclude that sections 960(b)(2) and 962(b) were correctly and constitutionally applied to enhance defendant's sentence, we AFFIRM the sentence imposed by the district court below.

---

**6.** In this sense, the incorporation of diverse state law here is significantly different than the incorporation urged upon the Supreme Court in *Taylor.* In that case, the "label" placed on the offense by a particular state would have been dispositive, yet there was little basis, other than the "vagaries of state law," for defining a crime as "burglary" in one state and as "theft" in another. *See Taylor,* —— U.S. at ——, 110 S.Ct. at 2153. With sections 960 and 962, the label of "felony" at least demonstrates that the particular legislature considered the crime sufficiently serious to merit punishment more severe than that meted out for more minor crimes.

Defendant's reliance on *Taylor* in the context of his constitutional claim is spurious for a more obvious reason as well. *Taylor* involved a question of pure statutory interpretation; the defendant was not challenging the constitutionality of section 924(e). *See Taylor,* —— U.S. at ——, 110 S.Ct. at 2147. As a result, the *Taylor* Court was simply addressing a policy choice made by Congress, rather than a policy choice made by the Framers, when it spoke about "the unfairness of having enhancement depend upon the label employed by the State of conviction." *Id.* at ——, 110 S.Ct. at 2153.