**UNITED STATES of America, Appellee,**

v.

**Lorenzo N. GREEN, Appellant.**

**No. 90–3103.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 17, 1991.

Decided Dec. 13, 1991.

Stephen C. Leckar, Washington, D.C., was on the brief, for appellant.

Bernadette C. Sargeant, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John F. Fisher and William M. Blier, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before EDWARDS and BUCKLEY, Circuit Judges, and PLAGER,* Circuit Judge, United States Court of Appeals for the Federal Circuit.

Opinion for the Court filed by Circuit Judge PLAGER.

PLAGER, Circuit Judge:

Appellant Lorenzo N. Green was convicted after a trial by jury of possession of more than five grams of cocaine base, commonly called crack cocaine or, simply,

* Sitting by designation pursuant to 28 U.S.C. § 291(a) (1988).

crack. Section 2D2.1 of the United States Sentencing Guidelines[1] (the Guidelines) in effect at the time the offense was committed provided for a sentence of 0 to 6 months for unlawful possession of cocaine. The trial court sentenced Green to a 63 month term of imprisonment based on the amended version of § 2D2.1 of the Guidelines which was in effect on the date of sentencing. That Guideline had been amended to make it specifically applicable to unlawful possession of more than five grams of a mixture or substance containing cocaine base. Green appeals from the sentence on the grounds that the application of the Sentencing Guidelines in effect at the time he was sentenced, rather than the Guidelines in effect at the time he committed the offense, operates as an unconstitutional *ex post facto* application of law. While we do not agree with appellant's theory of the case, we do believe the 63 month sentence is in error, and for the reasons given we vacate the sentence and remand for resentencing consistent with this opinion.

## I.

On October 12, 1989, Green was arrested in Washington, D.C. by police officers who had observed his possession of a bag which contained cocaine base. On February 16, 1990, Green was tried under 21 U.S.C. § 844(a) (1988) and convicted by the jury of possession of 8.62 grams of cocaine base. Green was sentenced on May 17, 1990.

At sentencing the trial court had, with regard to a term of imprisonment, four different sentence-directing sources before it: 1) Guidelines § 2D2.1, first promulgated in November 1987 and which, in October 1989 (the time of Green's offense), provided for a 0 to 6 month term of imprisonment

for possession of cocaine; 2) 21 U.S.C. § 844(a), which, as amended November 18, 1988 (after § 2D2.1 was first promulgated but before Green's offense), specifically distinguished cocaine base from cocaine and other illegal drugs, and mandated a minimum sentence of not less than 5 years and not more than 20 years for possession of a mixture or substance containing cocaine base in an amount exceeding five grams; 3) Guidelines § 2D2.1 as it was amended in November 1989 by the Sentencing Commission in response to the 1988 amendment to 21 U.S.C. § 844(a). The amended guideline, which became effective after the date of Green's offense but prior to his sentencing, provided a 63 to 78 month sentence for possession of more than 5 grams of a mixture or substance containing cocaine base[2]; and 4) Guidelines § 5G1.1(b) which provided that "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."

In its sentencing decision, the trial court relied on 18 U.S.C. § 3553(a)(4), which refers the sentencing court to the applicable Sentencing Guidelines in effect at the time of sentencing. Although noting the possibility of an *ex post facto* problem, the court reasoned that this provision of the statutes required that it sentence Green to a minimum of 63 months in prison pursuant to the amended version of § 2D2.1, the version in effect at the time of sentencing.

## II.

A court must utilize the Sentencing Guidelines in determining a sentence for any given offense. *See* 18 U.S.C.

---

**1.** United States Sentencing Commission, *Guidelines Manual* (Nov. 1990).

**2.** Actually, § 2D2.1, as amended, directs that a defendant convicted of possession of more than 5 grams of a mixture or substance containing cocaine base will be sentenced under § 2D1.1, which ordinarily applies only to unlawful manufacturing, importing, exporting, or trafficking. § 2D2.1(b)(1). Under the referenced § 2D1.1(a)(3), the applicable base offense level is specified in the Drug Quantity Table; that

Table sets a Level 26 for at least 5 grams but less than 20 grams of cocaine base. Level 26 translates under the Sentencing Table to a term of 63–78 months for a Criminal History Category I offender, which the Government concedes is the applicable offender characteristics category for Green. Law students who find the intricacies of the Internal Revenue Code not to their liking should probably avoid modern criminal law as well.

§ 3553(b); U.S.S.G. § 5G1.1. The Guidelines typically indicate a range to be used in setting a term of imprisonment. The sentencing court has discretion within that range. The court may not go outside that range unless the court finds that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." § 3553(b). Such a finding permits the court to "depart" from the guideline sentence range.

The trial court here correctly noted that 18 U.S.C. § 3553(a)(4) calls for use of the Sentencing Guidelines in effect at the time of sentencing. However, this court has recently held that when intervening amendments to the Guidelines "effected substantive changes that would adversely affect [defendant's] sentencing, then they may not be applied retroactively without violating the *ex post facto* clause of the Constitution." *United States v. Lam Kwong–Wah,* 924 F.2d 298, 304 (D.C.Cir.1991) (application of amended Guidelines—which removed scienter as an element to be considered in sentencing—would violate *ex post facto* clause; the trial court was directed on remand to use the unamended Guidelines in effect at the time of the trial and conviction, and presumably at the time of the offense.)[3] *See* U.S. CONST. ART. I, § 9.

In the present case, we must determine whether the trial court's use of amended Guideline § 2D1.1 constituted an application of a substantively changed guideline which adversely affected the defendant's sentencing, and which would thus invoke the rule of *Lam Kwong–Wah.* If so, we must then determine what would have been the proper Guideline, if any, for the sentencing judge to utilize.

---

**3.** *See also Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (application of post-offense amendment to Florida's sentencing guidelines, resulting in increase of sentence from 42–54 months to 7 years, was violation of *ex post facto* clause); *Cf. Dobbert v. Florida,* 432 U.S. 282, 297, 97 S.Ct. 2290, 2300, 53 L.Ed.2d 344 (1977) (finding no "onerous application of an *ex post facto* change in the law," where the

## III.

The 1989 amendment to Guideline § 2D1.1 was in response to a change in the law. The substantive statute under which Green was convicted, as amended in 1988 prior to his commission of the offense, established, with regard to a term of imprisonment, a mandatory minimum term of not less than 5 years and not more than 20 for possession of the specified amount of cocaine base, as distinguished from other forms of cocaine. 21 U.S.C. § 844(a). The purpose was to single out cocaine base—crack—for substantially more severe treatment in terms of punishment because it was viewed as the "most insidious of all drugs out ... on the streets." See 134 *Cong.Rec.* H7704, 7706 (Daily ed. September 16, 1988). The amended version of Guideline § 2D2.1, in effect at the time of Green's sentencing but not at the time of the offense, reflected the Commission's judgment that the appropriate base range under the statute for offenders like Green was 63–78 months.

As noted earlier, in another provision of the Guidelines the Sentencing Commission anticipated the possibility that there would be occasions when an applicable Guideline would be inconsistent with the substantive statute governing the offense. This could happen, for example, when an extant Guideline is superseded by a change in the law, particularly a change imposing a mandatory minimum sentence. In this situation, the Guidelines provide that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." § 5G1.1(b). This is precisely the case before us.

For reasons not explained in the Guidelines, the Commission chose to provide a

---

death penalty statute in effect at the time of the crime was later held unconstitutional, and then replaced by new death penalty statute by time of sentencing; the original statute sufficiently warned petitioner of the penalty which would be sought under the circumstances, while the changes were procedural, and afforded significantly more safeguards on the petitioner's behalf).

single number sentence in this situation—the number being the specified statutory minimum. In contrast, both the original version of § 2D2.1 and the amended version provided a range within which the sentencing judge could choose. It is clear, then, that in this situation the Commission intended that the statutory minimum becomes the Guideline sentence; there is no range. Thus, the Sentencing Guidelines in effect at the time of Green's offense would impose a sentence of 5 years, absent grounds for departure.

### IV.

■ The trial court imposed a sentence of 63 months, which is three months longer than the five year term provided under § 5G1.1(b). To impose a sentence of 63 months the sentencing court would have had to either (1) depart upwards from the 5 year/60 month sentence of § 5G1.1(b), pursuant to 18 U.S.C. § 3553(b); or (2) sentence under the amended version of § 2D2.1. The latter would not meet the test of *Lam Kwong-Wah*—the imposition of a longer prison sentence, even for three months, is a substantive change in the Guidelines adversely affecting Green. It would be an *ex post facto* application of a Guideline which produces a substantive change adversely affecting defendant's sentencing. The former—an upward departure—might have been possible depending on the facts, but the trial judge did not view the sentence in that light, and thus did not make the necessary findings for an upward departure.

Appellant argues that sentencing him under the amended § 2D2.1 was an unconstitutional application of an *ex post facto* law, and that the proper sentence was that sentence provided by the original § 2D2.1 in effect at the time the offense was committed. Since he has already served more time than the six month maximum provided under that Guideline, he should be set free.

The Government counters with the argument that there is no *ex post facto* problem with the guidelines since, at the time Green committed his offense, there was no applicable guideline. The Government arrives at that conclusion by reasoning that the original § 2D2.1 was obsolete as it was inconsistent with the mandatory minimum specified in the statute for possession of cocaine base, and the amended version of § 2D2.1 was not yet in effect.

Therefore, concluded the Government, the sentencing judge had two options open to him. He could use his discretion to impose "an appropriate sentence," as authorized by 18 U.S.C. § 3553(b) when there is no applicable sentencing guideline. Or he could "apply the most analogous offense guideline," an authority granted to the judge by the Guidelines if the offense is a felony for which no guideline expressly has been promulgated. U.S.S.G. § 2X5.1. Either way, argued the Government, the 63 month sentence is sustainable.

Application of the post-offense version of Guideline § 2D2.1 in this case would violate Article I, Section 9, Clause 3 of the Constitution—"No Bill of Attainder or ex post facto law shall be passed." But it does not follow, as appellant would have it, that the alternative is to apply the pre-offense version. At the time of the offense, the Guidelines expressly provided that the proper sentence was the mandatory minimum stated in the statute that established the offense. Section 5G1.1(b). For the same reason the Government's argument also fails—there was a guideline, § 5G1.1(b), expressly promulgated to deal with and applicable to the matter at hand. Thus neither of the alternatives suggested by the Government is available to the sentencing judge. At the end of its brief the Government acknowledges that § 5G1.1(b) applies to this case, and observes that "under appropriate circumstances, the trial court could have departed upward...." However, no attempt is made to argue that the trial judge undertook to depart.

### V.

■ In this case, the sentencing judge sentenced Green only to a term of imprisonment; the judge did not avail himself of the option to sentence to a fine under Title 18, an option that was open under the 1988 version of § 844(a) but that has since been

foreclosed. Since 1990, a violation of § 844(a) under the facts of this case must be punished by both a mandatory prison sentence of not less than five years and a minimum fine of $1000.[4]

It is possible to read Guideline § 5G1.1(b), when it refers to a "statutorily required minimum sentence" as meaning either a minimum fine *or* minimum imprisonment when, as was the case here, the statute (in effect at the time of the offense) so permitted. Under this reading, it can be argued that § 5G1.1(b) mandates that the minimum sentence under the statute, required to be the sentence imposed by the Guidelines, is a fine, not imprisonment.

We think that is an unnecessarily constrained reading of § 5G1.1. The guideline seems clearly addressed to terms of imprisonment—the title of Part G, in which the guideline appears, is "Implementing The Total Sentence of Imprisonment." Discussions of mandatory minimums—the subject matter of § 5G1.1—is widely understood to mean sentences of imprisonment, not minimum fines. When the only sentence under review is one of imprisonment, and the only question appealed is what is the proper term of imprisonment under the relevant law, § 5G1.1(b) makes quite clear that the statute trumps any inconsistent guideline. Indeed, the guidelines could not do otherwise. If the sentencing judge imposes a term of imprisonment, and the statute mandates a minimum term, neither the sentencing judge nor the guidelines can ignore that mandate.[5]

## VI.

Resentencing is thus necessary. The relevant Sentencing Guideline is § 5G1.1(b), which mandates that a term of imprisonment be 5 years (60 months). We do not have before us, and therefore do not reach, the question of whether an upward departure is justified in this case under 18 U.S.C. § 3553(b).

4. Pub.L. 101–647 (1990).

5. *See, e.g., United States v. Sharp,* 883 F.2d 829, 831 (9th Cir.1989) ("We agree with the Third

CONCLUSION

The sentence imposed by the trial court is vacated, and the case remanded for resentencing in light of this opinion and of the Sentencing Guidelines in effect at the time of Green's offense.

*So ordered.*

and the Eighth Circuits that when a statute requires a sentence different than that set by the guidelines, the statute controls.")