UNITED STATES of America

v.

**Andre P. CLARK, Appellant.**

No. 91–3036.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 29, 1991.

Decided Feb. 14, 1992.

Rehearing and Rehearing En Banc
Denied April 10, 1992.

Howard F. Bramson, Washington, D.C. (appointed by the Court) for appellant.

Elizabeth H. Danello, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John R. Fisher, and Roy W. McLeese, III, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before: D.H. GINSBURG, SENTELLE, and HENDERSON, Circuit Judges.

SENTELLE, Circuit Judge:

Clark appeals from a judgment entered on his plea of guilty in District Court. The principal issue on appeal concerns the trial court's use of a state conviction at age seventeen as a prior felony conviction for purposes of sentence enhancement. We conclude that the District Court did not err in considering that conviction for purposes of sentence enhancement and affirm.

## BACKGROUND

Drug interdiction officers encountered Clark on March 27, 1990, at Union Station in Washington, D.C., after he arrived on a train from New York. In a typical transportation depot interdiction encounter the officers conducted a search and found sixty ziplock bags containing twenty-nine grams of crack cocaine in Clark's luggage. The officers arrested him. Thereafter, a grand jury indicted him for possession with intent to distribute over five grams of cocaine base in violation of 21 U.S.C. § 841(a) and (b)(1)(B)(iii). Clark moved to suppress the fruits of the search. After the District Court denied his motion for suppression, Clark entered a conditional guilty plea reserving the search issues for review by this Court. The District Court accepted the plea and on January 23, 1991, sentenced him to 120 months in prison. In arriving at the sentence, the Court treated Clark as having had a prior felony conviction which made mandatory a minimum sentence of 120 months in prison under 21 U.S.C. § 841(b)(1)(B)(iii). Clark appeals from both the determination of the suppression motion and the calculation of the sentence.

## DISCUSSION

■ As we noted above Clark has attacked the denial of his suppression motion and the sentencing determination. We have reviewed the suppression question and find it to be without merit. However, the sentencing argument is one of first impression in this Circuit and warrants discussion, though not relief. This argument is a straightforward one. 21 U.S.C. § 841(b)(1)(B)(iii) requires a five-year minimum sentence for possession with intent to distribute over five grams of cocaine base. However, the statute further requires that a defendant convicted of that offense be sentenced to a term of imprisonment of not less than ten years if he has committed the offense after, among other things, an earlier conviction "for a felony under ... other law of a State ... relating to narcotic drugs...." 21 U.S.C. § 841(b)(1)(B). Appellant's prior record included a conviction in New York for possession and sale of crack cocaine, offenses denominated as Class D felonies under New York law. N.Y. Penal Law § 220.31 (McKinney 1989). The District Court applied the law by its terms and sentenced Clark to the apparent mandatory minimum of ten years.

Clark argues that the District Court's determination was incorrect in that the prior conviction, having occurred when he was only seventeen, should not have been considered a "felony" for purposes of the increase in mandatory minimum effected by the quoted provision of § 841. His position is that the District Court should have been guided by 18 U.S.C. § 5031, which defines a juvenile for purposes of the federal law as a person who has not yet reached eighteen. He then argues that juveniles under federal law are subject to adjudication of status, not conviction of felonies. *See United States v. Hill*, 538 F.2d 1072, 1076 (4th Cir.1976). Next, Clark suggests that our determination should be informed by application note 3 to § 4B1.2 of the Federal Sentencing Guidelines, which states that "'[p]rior felony conviction' means a prior *adult* federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year...." U.S.S.G. § 4B1.2, Commentary, Note 3 (emphasis added).

■ Neither of these arguments helps Clark's cause. As to his first contention, Congress has defined the term "felony" for purposes of Chapter 13, subchapter II, of Title 21, the subchapter in which § 841 appears. The congressional definition of felony is "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13). Since under New York law Clark's age did not preclude his conviction as a felon, he retains that status under § 802. Neither of the provisions from the two other sources of law can override this plain congressional pronouncement. The federal definition of juvenile delinquency for purposes of adjudicating a violation of federal law is irrelevant to the sentencing enhancement provisions of subchapter II. Congress expressly defined the term for purposes of that subchapter, and we have no

power to change that definition even were we so inclined.

Regarding Clark's second argument, the Guidelines Application Note is simply inapposite. This is not a Guidelines calculation problem. The statutory minimum is ten years without reference to any Guidelines calculation. Moreover, the Sentencing Guidelines Application Note is just that and nothing more. Nothing in Chapter 58 of Title 28, the statutory authorization for the Sentencing Commission, empowers it to override affirmative acts of Congress. If the Sentencing Guidelines had applied here, unfettered by the mandatory minimum enacted by Congress, appellant's Guidelines sentencing range apparently would have been 78 to 97 months. Unfortunately, for appellant, the Guidelines do not apply without the statutory fetter. The salient Guidelines provision is § 5G1.1(b), which provides: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b); *see United States v. Green,* 952 F.2d 414 (D.C.Cir.1991). *See also United States v. Sharp,* 883 F.2d 829, 831 (9th Cir.1989) ("We agree with the Third and the Eighth Circuits that when a statute requires a sentence different than that set by the guidelines, the statute controls.").

■ Appellant's additional argument that we should afford him benefit of the "rule of lenity" and therefore apply the Guidelines' definition avails him nothing. That rule is a "touchstone" for the resolution of "statutory ambiguity." *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980). Thus, the rule "comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers." *Callahan v. United States,* 364 U.S. 587, 596, 81 S.Ct. 321, 326, 5 L.Ed.2d 312 (1961). Here, there is no statutory ambiguity to resolve. Section 841 mandates an enhanced penalty for a prior "felony drug conviction." The New York law under which Clark was convicted

brings him within the § 802(13) definition of "felony." As there is no ambiguity, there need be no resolution.

## CONCLUSION

For the reasons set forth above, we conclude that the District Court did not err. The District Court's judgment is

*Affirmed.*