April 13, 1993 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 91-1829

 UNITED STATES,

 Appellee,

 v.

 GLENN DEREK DOW, a/k/a GLENN DERRICK DOW,

 Defendant, Appellant.

 

 ERRATA SHEET

 The opinion of this court issued on April 5, 1993, is

amended as follows:

 On page 5, line 7: "ingenuous" should read "ingenious".

April 7, 1993

 UNITED STATES COURT OF APPEALS

 FOR THE FIRST CIRCUIT

 

No. 91-1829

 UNITED STATES,

 Appellee,

 v.

 GLENN DEREK DOW, a/k/a GLENN DERRICK DOW,

 Defendant, Appellant.

 

 ERRATA SHEET

The opinion of Court issued on April 5, 1993, is amended as

follows:

On page 5, the first line delete the "47" included in the

citation " 473583".

April 5, 1993

 UNITED STATES COURT OF APPEALS

 FOR THE FIRST CIRCUIT

 

No. 91-1829

 UNITED STATES,

 Appellee,

 v.

 GLENN DEREK DOW, a/k/a GLENN DERRICK DOW,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Gene Carter, U.S. District Judge]
 

 

 Before

 Torruella, Circuit Judge,
 

 Brown* and Bownes, Senior Circuit Judges.
 

 

Roger A. Cox, by Appointment of the Court, for appellant.
 

Margaret D. McGaughey, Assistant United States Attorney, with
 

whom Richard S. Cohen, United States Attorney, Jonathan R. Chapman,
 

Assistant United States Attorney, and Raymond C. Hurley, Assistant
 

United States Attorney, were on brief, for appellee.

 

 April 5, 1993

 

 

*Of the Fifth Circuit, sitting by designation. Judge Brown heard oral

argument in this matter, and participated in the semble, but did not

participate in the drafting or the issuance of the panel's opinion.

The remaining two panelists therefore issue this opinion pursuant to

28 U.S.C. 46(d).

 BOWNES, Senior Circuit Judge. The issue in this
 BOWNES, Senior Circuit Judge.
 

case is whether the district court erred in sentencing

defendant for a violation of one of the conditions of his

supervised release under 18 U.S.C. 3583(g), which provides:

 (g) Possession of controlled
 substances. If the defendant is found by the
 court to be in the possession of a controlled
 substance, the court shall terminate the term
 of supervised release and require the
 defendant to serve in prison not less than
 one-third of the term of supervised release.

 I.
 Factual Context
 

 Defendant-appellant Glenn Derek Dow was sentenced on

drug charges in April of 1989 to imprisonment for a term of

sixteen months to be followed by a six-year term of

supervised release. One of the conditions of supervised

release was that Dow "shall not purchase, possess, use,

distribute or administer any narcotic or other controlled

substance, except as prescribed by a physician."

 In June of 1991, the probation office sought

revocation of Dow's supervised release because eleven urine

tests proved positive for the use of marijuana.1 At the

revocation hearing before the district court on July 19,

1991, Dow was represented by counsel. After being fully

 

1 The probation office alleged two other violations, but they
are not issues on this appeal.

 -6-

advised of his rights Dow pled guilty to violation of the

supervised release condition. His counsel advised the court

that she concurred in defendant's decision to plead guilty.

No reservations or qualifications were made a part of the

plea.

 At the subsequent sentencing hearing, the district

court found and ruled as follows:

 The Court further finds on the evidence
 that this defendant has been in possession of
 a controlled substance, to wit, marijuana,
 within the meaning of 18 U.S.C. section
 3583(g) during the period of supervised
 release.

 The Court concludes that defendant is
 subject to a minimum sentence of 2 years of
 incarceration, see 18 U.S.C. Section 3583(g),
 and a maximum term of three years, see 18
 U.S.C. 3583(e)(3).

 The Court concludes that the applicable
 guideline range under the applicable
 guideline pursuant to section 7B1.4(a) is 4
 to 10 months.

 The Court further concludes that the
 statutory command of 3583(g) controls in this
 case and mandates a minimum term of
 incarceration of two years.

 II.
 Discussion
 

 Dow's only contention on appeal is that the use or

consumption of marijuana, evidenced solely by laboratory

analysis of urine samples, did not constitute "possession" of

marijuana within the meaning of 18 U.S.C. 3583(g). We

point out first that Dow pled guilty, without reservation or

 -7-

qualification, to violating his supervised release condition

that he "shall not purchase, possess, use, distribute or

administer any narcotic or other controlled substance. . . .

" In light of his guilty plea, which was voluntary,

knowing and made with advice of counsel, we do not see how

Dow can now deny that he was not "in the possession of a

controlled substance," as stated in 3583(g). Dow did not,

as his brief implies, limit his plea to accepting the results

of the laboratory analyses of his urine samples. His guilty

plea admitted the possession and use of a narcotic or

controlled substance. That is sufficient to trigger the

sentencing mandate of 18 U.S.C. 3583(g).

 We proceed, nonetheless, to a full discussion of

defendant's argument. Dow first points out that Sentencing

Guideline 7B1.4 prescribes a sentence of four to ten months

for an offender such as himself, who has committed grade C

violations of his supervised release and has a criminal

history category of II. This is, of course, shorter than the

two-year sentence mandated by 18 U.S.C. 3583(g) (one-third

of Dow's supervised release term of six years).

 Defendant's main argument is that a study of 18

U.S.C. 3583(d) and 18 U.S.C. 3563(b)(8) shows that

Congress made a sharp distinction between use or consumption

 -8-

of a drug and possession of that drug.2 We find nothing in

the wording of 3583(d) or 3563(b)(8) that even suggests

such a distinction. Dow attempts to buttress his argument by

invoking "policy reasoning": a defendant possessing a

controlled substance can cause considerable social harm by

selling or otherwise distributing drugs in her/his possession

to others; "use" alone, however, limits the direct harm to

the defendant alone. This is an ingenious argument, but it

is spun out of whole cloth. There is no basis for it in the

wording of the statute or its legislative history. Nor do we

think that the Senate's rejection of a proposed draft of 

3583(g), which would have required a defendant to serve a

prison term of not less than one-third of the term of

supervised release if he/she tested positive for use of

 

2 18 U.S.C. 3583(d) provides in pertinent part:

 (d) Conditions of supervised release. The
 (d) Conditions of supervised release.
 court shall order, as an explicit condition
 of supervised release, that the defendant not
 commit another Federal, State, or local crime
 during the term of supervision and that the
 defendant not possess illegal controlled
 substances.

 Under 18 U.S.C. 3563(b)(8), a court may, as a condition
of sentence, order a defendant to:

 (8) refrain from excessive use of
 alcohol, or any use of a narcotic drug or
 other controlled substance, as defined in
 section 102 of the Controlled Substances Act
 (21 U.S.C. 802), without a prescription by a
 licensed medical practitioner;

 -9-

controlled substances after three separate urine tests,

affords any footing for appellant's argument. His "policy

reasoning" should be directed to the Congress. We find no

ambiguity in the statute and thus reject defendant's plea for

application of the rule of lenity.

 We do not stand alone in our rejection of Dow's

argument. His contention has been rejected by all federal

courts of appeal that have considered it. See United States
 

v. Baclaan, 948 F.2d 628, 630 (9th Cir. 1991) (upholding
 

district court's finding that defendant possessed drugs

within meaning of section 3583(g) based on defendant's

admission of use and four positive laboratory test results);

United States v. Blackston, 940 F.2d 877 (3rd Cir.), cert.
 

denied, 112 S. Ct. 611 (1991) (defendant's admission of drug
 

use and three positive urine samples constituted possession

for purposes of section 3583(g)) (includes a thorough

examination of section 3583(g), its legislative history, and

the treatment of the attendant use/possession issue in

federal and state courts); United States v. Oliver, 931 F.2d
 

463, 465 (8th Cir. 1991) (district court properly sentenced

defendant under section 3583(g) upon a finding, based on

numerous positive test results, that defendant possessed a

controlled substance); United States v. Kindred, 918 F.2d
 

485, 487 n.3 (5th Cir. 1990) (in upholding defendant's

supervised release revocation and sentencing under section

 -10-

3583(g) without direct evidence of physical possession court

assumed "[k]nowing use of drugs is akin to possession");

United States v. Dillard, 910 F.2d 461, 464 n.3 (7th Cir.
 

1990) ("Knowing use of cocaine, which [the defendant]

admitted to here, requires possession, even if only

momentarily;" affirmed revocation of supervised release based

in part upon defendant's admission of use and confirmatory

laboratory test results).

 Finally, there can be no doubt that when there is a

conflict between what the sentencing guidelines provide and

what a statute requires, the statute controls. We recently

joined every circuit that addressed this matter "in

concluding that the sentencing guidelines adopt, rather than

replace, a statutory minimum sentence." United States v.
 

Rodriguez, 938 F.2d 319, 320 (1st Cir. 1991) (citing cases
 

from the circuits). See also United States v. Clark, 956
 

F.2d 1176, 1178 (D.C. Cir. 1992) ("the Guidelines do not

apply without the statutory fetter [congressionally mandated

minimum sentences]"). See also U.S.S.G. 5G1.1.
 

 The sentence of the district court is Affirmed.
 Affirmed.
 

 -11-