19 F.3d 12
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Lee HAYNES, Defendant-Appellant.
 No. 92-5715.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 20, 1994.
Decided March 4, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-91-469-JFM)
 Paul H. Zukerberg, Washington, D.C., for appellant.
 Gary P. Jordan, United States Attorney, Brent J. Gurney, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Bobby Lee Haynes pled guilty to conspiracy to possess with intent to distribute cocaine, 21 U.S.C.A. Sec. 846 (West 1981). Prior to entry of his plea, the United States filed an information announcing its intent to seek an enhanced penalty under 21 U.S.C.A.Sec. 841(b)(1) (West Supp.1993). Though Haynes objected to the applicability of the enhancement provisions, the district court found them applicable. Haynes was sentenced to 240 months, twice the minimum mandatory sentence. Haynes appeals the propriety of his sentence. We affirm.
 
 
 2
 In imposing an enhanced sentence, the district court relied on a 1989 felony conviction from Virginia for attempted possession of cocaine. Under Sec. 841(b)(1), a defendant who has a prior, final conviction for a felony drug offense is subject to sentence enhancement. The statute defines "felony drug offense" as a federal felony drug offense or "a felony under any law of a State or a foreign country" that prohibits or restricts conduct relating to drugs. Additionally, 21 U.S.C.A. Sec. 802(13) (West 1981), defines "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony." Under Virginia law, an attempt to possess cocaine is a Class 6 felony. Va.Code Ann. Sec. 18.2-26. (Michie 1988). Therefore, Haynes' Virginia conviction triggers the enhancement provision.
 
 
 3
 Haynes contends that because, under federal law, possession of cocaine is a misdemeanor, 21 U.S.C.A. Secs. 844, 18 U.S.C.A. Sec. 3559 (West Supp.1993), Congress did not intend for this crime to be treated as a felony for purposes of sentence enhancement under Sec. 841(b)(1). He argues that this part of the Comprehensive Crime Control Act of 1984 was intended to make the sentence enhancement provisions more uniform, and that reliance on state court definitions of felonies makes for less uniformity. Haynes also argues that such an application of the statute is a denial of due process. We disagree.
 
 
 4
 Our task in interpreting Sec. 841(b)(1) begins with examination of the plain language of the statute. United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989). When that language is unambiguous "the sole function of the courts is to enforce it according to its terms." Id., quoting Caminetti v. United States, 242 U.S. 470, 485 (1917). We need go no further in this case--the language of the statute clearly identifies a qualifying felony offense as "a felony under any law of a State." (emphasis added). Thus, under Sec. 841(b)(1), the federal classification of a state felony does not change its character.* Accordingly, Haynes' Virginia conviction qualifies him for enhancement.
 
 
 5
 Haynes' reliance on Taylor v. United States, 495 U.S. 575 (1990), is misplaced. In Taylor, the Court held that state definitions of burglary could not be used to determine if a prior state conviction would trigger sentence enhancement under 18 U.S.C.A. Sec. 924(e)(2) (West Supp.1993). Id. at 598-99. The Court held that Congress intended a generic definition of burglary. Id. at 598. However, unlike here, the text of Sec. 924(e)(2) is silent as to the applicable definition. Under Sec. 841(b)(1), the text clearly directs that state felonies relating to drugs are to be used.
 
 
 6
 Haynes' substantive due process claim fails because a rational basis exists to support Congress' decision to incorporate state categorizations of "felonies." Congress sought to broaden and make more rational the penalty structure for major drug trafficking offenses. H.R. Rep. No. 1030, 98th Cong., 2d Sess. 255, reprinted in 1984 U.S.Code Cong. & Admin. News 3182, 3440-41. The addition of all drug related felonies under state, federal, and foreign law rationally serves that purpose.
 
 
 7
 Haynes' contention that the rule of lenity should resolve any ambiguity in his favor is without merit. As this statute is unambiguous, the rule of lenity does not apply. See Bifulco v. United States, 447 U.S. 381, 387 (1980).
 
 
 8
 Accordingly, we affirm Haynes' sentence, as enhanced under Sec. 841(b). We deny his motion for oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 *
 We are supported in our interpretation of the statute by the Eleventh Circuit's analysis of similar language of the sentence enhancement provisions in 21 U.S.C.A. Secs. 960(b)(2), 962(b) (West Supp.1993). United States v. Tremble, 933 F.2d 925 (11th Cir.), cert. denied, 60 U.S.L.W. 3309 (1991)