UNITED STATES of America, Plaintiff,

v.

Freddie Lee SMITH, Defendant.

No. 93–6166–CR.

United States District Court,
S.D. Florida.

June 14, 1994.

Albert Z. Levin, Miami, FL, for defendant.

Kendall Coffey, U.S. Atty., Steven A. Tyrrell, Asst. U.S. Atty., Miami, FL, Thomas E. Zehnle, Trial Atty., U.S. Dept. of Justice, Washington, DC, for plaintiff.

## MEMORANDUM OPINION REGARDING USE OF PRIOR CONVICTION FOR SENTENCE ENHANCEMENT PURPOSES

HIGHSMITH, District Judge.

This cause came before the Court for sentencing of Defendant Freddie Lee Smith on May 26, 1994. At the sentencing hearing, Smith objected to the government's notice of enhancement on the basis that one of the two convictions listed on the notice did not qualify for enhancement purposes. The Court recessed the hearing to give the parties the opportunity to fully brief this issue. Having reviewed the parties' submissions, the Court finds that Smith's objection is well grounded. Therefore, the Court strikes in part the government's notice of enhancement.

### PROCEDURAL BACKGROUND

In the Superseding Indictment in this case, defendant Smith was charged with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 in count I, and possession with intent to distribute

cocaine base in violation of 21 U.S.C. § 841(a)(1) in count XI. On February 28, 1994, a jury found Smith guilty as to both counts.

On February 23, 1994, prior to the commencement of trial, the United States had filed an information and notice of intent regarding use of prior convictions for sentencing enhancement purposes, pursuant to 21 U.S.C. § 841(b)(1)(A) and 851. In that pleading, the United States indicated that its request for an enhanced minimum mandatory penalty was predicated upon two prior felony narcotics "convictions": (1) an April 20, 1983, conviction in Florida state court for unlawful possession of cannabis; and (2) a February 22, 1978, conviction in Florida state court for unlawful possession of cannabis.

A review of the state court document regarding the February 22, 1978, "conviction" reveals that Smith entered a plea of nolo contendere to the charge, and that the state court withheld adjudication of guilt and imposition of sentence. Smith argues that such a disposition does not constitute a valid conviction for enhancement purposes. Alternatively, Smith argues that the 1978 offense would only constitute a misdemeanor under federal law, thereby prohibiting its use as a felony conviction herein.

### DISCUSSION

Title 21, United States Code, Section 841(b)(1)(A) provides in relevant part:

> [A]fter two or more prior convictions for a felony drug offense have become final, [a] person shall be sentenced to a mandatory term of life imprisonment without release.... For purposes of this subparagraph the term "felony drug offense" means an offense that is a felony under any provision of this title or any other Federal law that prohibits or restricts conduct relating to narcotics, drugs, marijuana, or depressant, or stimulant, substances or a felony under any law of a state or a foreign country.

21 U.S.C.A. § 841(b)(1)(A) (West 1980 & Supp.1994) (emphasis added).

■ The government argues that Smith's 1978 plea of nolo contendere should be used for enhancement purposes because the time allowed for an appeal has passed, rendering the conviction final as a matter of federal law. The government is correct that finality is a question of federal law; however, before the issue of finality can be addressed, a prior conviction for a felony must be established. The government relies for its position on *United States v. Meraz,* 998 F.2d 182 (3d Cir.1993). In *Meraz,* the court held that a nolo contendere plea to two felony charges in New Mexico for marijuana possession and conspiracy constituted a final prior conviction pursuant to federal law for sentence enhancement purposes under 21 U.S.C. § 841(b)(1)(B). The *Meraz* case is not applicable to the case at bar because the New Mexico court actually entered a judgment of guilty on both counts and deferred the sentence for a two year probationary period. In the instant case, adjudication of guilt and the imposition of sentence were both withheld. The government's reliance on *United States v. Morales,* 854 F.2d 65 (5th Cir.1988) is similarly misplaced. In *Morales,* the defendant pled guilty to a felony and was sentenced to confinement for five years. The confinement was suspended and five years of probation were imposed. The Fifth Circuit held that, as a matter of federal law, the conviction was final for enhancement purposes because the five year probationary period was not appealed.

As previously mentioned, the issue presented by Smith is the existence, rather than the finality, of his 1978 "conviction". The Court has been unable to locate a case addressing these precise factual circumstances. The Court has been able to locate cases, however, that provide a basis for resolving this issue.

In *United States v. Tremble,* 933 F.2d 925 (11th Cir.) *cert. denied,* —— U.S. ——, 112 S.Ct. 346, 116 L.Ed.2d 285 (1991), the Eleventh Circuit analyzed the statutory language of 21 U.S.C. §§ 960(b)(2) and 962(b) to determine that a prior state felony conviction should be used for enhancement purposes even though such an offense would have been

a misdemeanor under federal law.[1] The court concluded that Congressional intent, as evidenced from the text of sections 960 and 962, called for application of state law to the categorization of the state conviction, thereby making such conviction a felony.

Similarly, in *United States v. Clark,* 956 F.2d 1176 (D.C. Cir.1992), the District of Colombia Circuit applied New York law to determine that a prior conviction in that state constituted a felony for enhancement purposes under 21 U.S.C. § 841(b)(1)(B). The court relied on the Congressional definition of a felony as "any Federal or state offense classified by applicable Federal or state law as a felony," which is found in 21 U.S.C. § 802(13), to arrive at this conclusion.

■ Although *Meraz* and *Morales* teach that the issue of finality is one of federal law for all enhancement convictions, *Tremble* and *Clark* stand for the proposition that the question of whether a state conviction is a felony or a misdemeanor, should be answered by reference to state law. Logic dictates, therefore, that the *existence* of a state felony conviction must, also, be determined by state law.

■ The Florida Supreme Court defines "conviction" as a determination of guilt by verdict of the jury or by plea of guilty, which does not require adjudication by the court. *State v. Gazda,* 257 So.2d 242, 243–44 (Fla. 1971). Moreover, in *Garron v. State,* 528 So.2d 353, 360–61 (Fla.1988) the Florida Supreme Court held that a prior plea of nolo contendere, where adjudication was withheld, did not constitute a conviction for purposes of a capital sentencing proceeding. The *Garron* court acknowledged that a guilty plea is sufficient to establish a conviction regardless of the court's adjudication. Where adjudication has been withheld, however, a plea of guilty, as opposed to a plea of nolo contende-

re, is necessary for the existence of a conviction.

The Eleventh Circuit has applied these Florida law concepts in the context of the federal firearms statutes, which explicitly call for the application of the law of the jurisdiction where the underlying conviction was obtained. Thus, in *United States v. Orellanes,* 809 F.2d 1526, 1528 (11th Cir.1987), *cert. denied,* 488 U.S. 817, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988), the Eleventh Circuit, relying on *Gazda,* affirmed the district court finding that the defendant's plea of guilty to two felony charges amounted to a conviction, despite the withholding of adjudication. *See also United States v. Grinkiewicz,* 873 F.2d 253, 255 (11th Cir.1989), where the Eleventh Circuit, citing *Orellanes,* applied Florida law to find a defendant's plea of guilty to a felony sufficient to establish a conviction.

■ In another case involving a federal firearms offense, *United States v. Lester,* 785 F.Supp. 976 (S.D.Fla.1991) (Marcus, J.), the court applied *Garron* as holding that a plea of nolo contendere to a felony offense where adjudication was withheld was not a conviction. Like the defendant in *Lester,* Smith pled nolo contendere to a state felony charge and adjudication was withheld. Therefore, pursuant to *Garron,* Smith's 1978 plea of nolo contendere, without an adjudication of guilt, cannot be deemed a conviction for enhancement purposes.

In light of this determination, the Court need not reach Smith's alternative argument that his offense constitutes a misdemeanor under federal law. The court notes, however, that Smith's argument runs counter to the holding in *Tremble.*

### CONCLUSION

Based on the foregoing considerations, it is hereby

---

**1.** In *Tremble,* the government relied alternatively upon two similarly worded enhancement provisions.

Section 960(b)(2), which prohibits drug importation, provides for sentence enhancement where the prior offense was "a felony under any other provision of this subchapter or subchapter I of this chapter or other law of a state, the United States, or a foreign country relating to narcotic drugs."

Section 962(b) is a general provision calling for enhancement, where the prior offense was "a felony under any provision of this subchapter or subchapter I of this chapter or other law of a state, the United States, or a foreign country relating to narcotic drugs."
*Tremble,* 933 F.2d at 927 n. 2.

ORDERED AND ADJUDGED that the February 22, 1978, offense listed in the government's notice of enhancement SHALL NOT be taken into consideration at Smith's sentencing.

DONE AND ORDERED.