UNITED STATES of America, Plaintiff–Appellee,

v.

Kent NEAL, Defendant–Appellant.

No. 93–5145.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 11, 1994.

Decided June 13, 1994.

**ARGUED:** Clinton Wayne Smith, Charleston, WV, for appellant. John Kirk Brandfass, Asst. U.S. Atty., Charleston, WV, for appellee.

**ON BRIEF:** Michael W. Carey, U.S. Atty., Charleston, WV, for appellee.

Before HALL and MICHAEL, Circuit Judges, and OSTEEN, United States District Judge for the Middle District of North Carolina, sitting by designation.

Reversed and remanded by published per curiam opinion.

## OPINION

PER CURIAM:

This appeal apparently presents a question of first impression both for this Court and for the remaining federal circuits. The question formally presented is whether the trial judge erred in finding, pursuant to U.S.S.G. §§ 4B1.1 and 4B1.2(2) that the defendant, Kent Neal, was a career offender by virtue of having been convicted of two felony offenses under § 220.06 of the New York Penal Code, a drug possession statute. The underlying issue concerns the correct interpretation of the New York law, a matter that we review *de novo.* The trial judge found that Neal's convictions under the New York statute qualified him as a career criminal. We now reverse.

### I.

The relevant facts of this appeal are straightforward. On November 16, 1992, Kent Neal pled guilty to distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Sentencing was scheduled for January 19, 1993. The criminal history section of the presentence report delivered to counsel in late December listed twenty-one (21) adult criminal convictions, all under New York law. Nine of the convictions were for possession or attempted possession of controlled substances. The probation officer calculated the base offense level at 14, with a two-level reduction for acceptance of responsibility. Neal's criminal history put him in a category of VI, yielding a guideline range of imprisonment between 30 and 37 months. Neither the government nor Neal filed objections to the report.

At the time of sentencing, the district court announced that it believed that the convictions listed in the presentence report[1]

---

1. The two convictions at issue are described in    paragraphs 32 and 33 of the presentence report.

rendered Neal subject to the "career offender" provision of the sentencing guidelines, *see* U.S.S.G. § 4B1.1 (Nov.1992), and continued the hearing so that each side could address the issue. After hearing arguments, the court found and concluded that

> these offenses are such as to qualify as possession with intent to distribute either on the face of it in Subsection A [sic; subsection 1] of the statute or as ... entirely consistent with the possession of the other substances condemned by that statute is a—of a significant level to carry with it the presumed intent to distribute such substances.

(J.A. 30–31.) On this basis, the court raised Neal's offense level to 32 with a criminal history category of VI, as required by U.S.S.G. § 4B1.1. The court next reduced the offense level to 29 for acceptance of responsibility and found the guideline range to be 151 to 188 months. The court then sentenced Neal to 151 months of imprisonment, 5 years of supervised release, no fine, and a $50 special assessment. Neal now appeals.

## II.

■ Section 4B1.1 of the U.S. Sentencing Guidelines provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1 (Nov.1992). There is no question that Neal was eighteen or older at the time of the instant offense or that the instant offense is a controlled substance offense. The only issue is whether Neal has been convicted of the requisite two prior offenses.

Paragraph 32 explains that in New York on October 30, 1989, Neal was charged with criminal possession of controlled substances. He pled guilty to attempted criminal possession of controlled substances and was sentenced to one year imprisonment. Paragraph 33 explains that in

Section 4B1.2(2) defines "controlled substance offense" as

> an offense under a federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) *with intent to manufacture, import, export, distribute, or dispense.*

U.S.S.G. § 4B1.2(2) (emphasis added). The commentary to that section makes no reference to this definition beyond stating that it includes aiding and abetting, conspiring, and attempting to commit the offense. *Id.* application note 1. Presumably, then, the definition means exactly what it says; thus, simple possession of drugs is excluded from the category "controlled substance offense." Publications issued by the U.S. Sentencing Commission take this position, which has also been adopted by several circuits. U.S. Sentencing Commission, *Most Frequently Asked Questions About the Sentencing Guidelines* 28 (6th ed.1992); *United States v. Vea–Gonzales,* 999 F.2d 1326, 1329 n. 1 (9th Cir.1993); *United States v. Gaitan,* 954 F.2d 1005, 1011 (5th Cir.1992); *United States v. Galloway,* 937 F.2d 542, 549 (10th Cir.1991); *United States v. Tremble,* 933 F.2d 925, 929 (11th Cir.1991).

In light of the above, the underlying question in this case becomes "Were Neal's prior convictions under New York law for simple possession or possession with intent to distribute, etc.?" If either conviction was for simple possession, the career offender enhancement does not apply to Neal's case and he must be resentenced.

The New York statute under which Neal was convicted provides:

> A person is guilty of criminal possession of a controlled substance in the fifth degree

New York on November 9, 1989, Neal was charged with three drug offenses. He again pled guilty to attempted criminal possession of controlled substances and was sentenced to one year imprisonment. (J.A. 17.)

when he knowingly and unlawfully possesses:

1. a controlled substance with intent to sell it; or

2. one or more preparations, compounds, mixtures or substances of an aggregate weight of one-half ounce or more containing a narcotic preparation; or

3. fifty milligrams or more of phencyclidine; or

4. one or more preparations, compounds, mixtures or substances of an aggregate weight of one-quarter ounce or more containing concentrated cannabis ...; or

5. five hundred milligrams or more of cocaine.

New York Penal Law § 220.06 (McKinney). There is no evidence before this Court, nor apparently before the trial court, as to exactly which subsection applied to Neal's two convictions.[2]

■ The government argues, as it did before the district court, that although subsection 1 plainly requires intent to distribute as an element of the offense, one can infer from the amounts specified in the remaining subsections that they too require such an element. In contrast, Neal argues as he did before the lower court that as a matter of simple statutory interpretation, the facts that intent to distribute is required only in subsection 1 and that the subsections are listed disjunctively mean that the remaining subsections punish only simple possession. We find this position to be the correct one.

■ Neal analogizes his case to cases decided by this Court that deal with the "crimes of violence" section of the career offender enhancement provision. In *United States v. Wilson,* 951 F.2d 586 (4th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2294, 119 L.Ed.2d 218 (1992), this Court adopted a

"categorical" (as opposed to a "particularized") approach to determining whether an offense qualifies as a "crime of violence" for purposes of applying § 4B1.1. In doing so, we stated that

> the plain language of the Guidelines contemplates a legal rather than a factual approach to determining which offenses qualify as crimes of violence.... [T]he Guidelines' definition clearly mandates a categorical approach by focusing the inquiry on the *elements* of the offense rather than the particular conduct involved. Thus, the sentencing court's task is reduced to a simple legal inquiry—the court simply reads the statutory or common law definitions of the defendant's prior felonies to see whether they list as an element "the use, attempted use, or threatened use of physical force."

*Id.* at 588. If the statutory definition of the offense does not use these terms, then the trial court may look to the conduct described in the indictment against the defendant (but no further) in determining if the offense presented a serious potential risk of physical injury to another. *United States v. Johnson,* 953 F.2d 110, 113 (4th Cir.1991).

■ When we take the statute at face value and give effect to every phrase in it as standard statutory interpretation requires, it clearly indicates that the intent to distribute requirement is limited to the offense spelled out in subsection 1. None of the subsections that follow "list as an element" the intent to distribute. It is normally presumed that a legislature intends for the plain meaning of its laws to control. *See United States v. Tremble,* 933 F.2d 925, 929–30 (11th Cir. 1991).

This conclusion ends our inquiry under *Wilson.* If, however, we were to look to sources outside the statute, those sources

---

**2.** The presentence report did not specify under which New York statute Neal was convicted but stated only that he pled guilty to attempted criminal possession of controlled substances. The parties understood the applicable statute to be New York Penal Law § 220.06, Govt's Br. 4; they did not, however, specify under which spe-

cific subsection Neal was convicted. Apparently, Neal's "rap sheets," which may have specified the subsection, were before the parties at the hearing, although the actual indictments were not offered into evidence; none of these documents were included in the record on appeal.

would only strengthen our conclusion, as they indicate that the New York legislature clearly meant to limit the intent to distribute requirement to subsection 1.

The New York Attorney General has described the state's drug laws as "a comprehensive, detailed scheme," 1990 N.Y.Op.Atty. Gen. (Inf.) 1143, in which possession of controlled substances is prohibited and punished in a series of statutes separate and distinct from those dealing with sales of controlled substances. *Compare* New York Penal Law §§ 220.03—220.21 (possession offenses) *with* New York Penal Law §§ 220.31—220.43 (sales offenses). *Cf.* 21 U.S.C.A. § 841(a)(1) (West Supp.1993) (punishing both possession and distribution in same provision). Within the offense of possession, there are six degrees. The lowest degree, seven, represents the basic offense.

New York Penal Law § 220.03. According to the practice commentary:

> The higher degrees are premised on certain aggravating factors. The principal aggravating factor ... is the weight of the particular drug or class of drugs which is possessed.

> A second commonly utilized aggravating factor requires the possession of any quantity of the controlled substance to be "with intent to sell it."

> For certain non-narcotic drugs, the possession with intent to sell ... is coupled with a requirement of proving that the defendant has previously been convicted of [a drug offense].

> In other instances, an amount of the drug required to be possessed with the intent to sell is specified. *The amount specified is understandably less than the amount required to constitute the crime solely by possession.*

New York Penal Law article 220 supplementary practice commentaries (McKinney Supp. 1994) (emphasis added) (citations omitted). The detailed nature of the drug possession statutes has also been recognized by New York's highest court. *See People v. Ryan,* 82 N.Y.2d 497, 503, 605 N.Y.S.2d 235, 626 N.E.2d 51 (1993) ("The primary distinctions between one grade or another relate to the type and weight of the controlled substance, and *in some instances* the existence of an intent to sell ....") (emphasis added).

These sources make it clear that the intent to distribute requirement is only one of several factors considered by the New York legislature in determining the appropriate punishments for illegal drug possession. It is equally clear that the legislature arrived at a judgment that possession of drugs with intent to sell is a worse offense than simple possession; hence the commentary's remark that the amount required for possession with intent to sell is "understandably less" than the amount required for simple possession. To read the intent to distribute requirement of § 220.06(1) into the subsections that follow, as the trial court did and the government requests this Court to do, would obliterate the New York legislature's careful work.

■ In light of the above discussion, we cannot find that Neal was properly sentenced under the career offender section of the sentencing guidelines. Therefore, we reverse and remand this case for resentencing. At that time, the trial court will determine under which subsection(s) of New York Penal Law § 220.06 Neal was previously convicted. Unless each conviction falls under subsection 1, the court may not resentence Neal as a career offender.

*REVERSED AND REMANDED.*