**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 94-5926

THOMAS JOHN MAYBECK,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-89-163-C, CR-89-164-C)

Argued: December 7, 1995

Decided: January 31, 1996

Before ERVIN, Chief Judge, and MICHAEL and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John David Boutwell, BUSH, THURMAN & WILSON,
P.A., Charlotte, North Carolina, for Appellant. Robert James Con-
rad, Jr., Assistant United States Attorney, Charlotte, North Carolina,
for Appellee. **ON BRIEF:** Mark T. Calloway, United States Attor-
ney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

On January 16, 1990, Thomas John Maybeck pleaded guilty to two counts of bank robbery under 18 U.S.C. § 2113(a) and one firearms count under 18 U.S.C. § 922(g)(1). On February 1, 1990, he was sentenced as a career offender to 198 months of imprisonment. The district court used Maybeck's prior convictions for attempted armed robbery and attempted third degree burglary to establish his career offender status.[1] Maybeck did not take a direct appeal from his sentence. More than a year later, however, he filed § 2255 petition, alleging that he had been improperly sentenced as a career offender. Maybeck's petition was rejected by the district court. On the appeal of that decision we concluded that Maybeck's burglary conviction was not for a crime of violence. We therefore vacated the sentence and remanded for resentencing. See United States v. Maybeck (Maybeck I), 23 F.3d 888 (4th Cir. 1994).

Before Maybeck was resentenced, the district court ordered a presentence report.[2] The report disclosed that in 1983 Maybeck was convicted in state court for felonious escape, in violation of N.C. Gen. Stat. § 148-45(b)(1), after he escaped while serving a term in the North Carolina state prison in Statesville. According to the indictment, Maybeck "escaped while working under armed supervision

_____

[1] U.S.S.G. § 4B1.1 (1988) provides in pertinent part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

[2] When Maybeck was first sentenced, there was no presentence report because it had been waived.

2

from a prison road work crew." On resentencing the district court found that Maybeck's 1983 felonious escape conviction was for a crime of violence.**3** Thus, according to the district court, even without the burglary conviction Maybeck was still a career offender, and the court reimposed the 198-month sentence. Maybeck challenges the new sentence on the ground that his escape was not a crime of violence. We disagree and affirm his sentence.

I.

Maybeck was resentenced as a career offender under U.S.S.G. § 4B1.1 (1988), the version of the Guidelines in effect when he committed the crimes for which he was sentenced.**4** Without the career offender enhancement, Maybeck would have been in a sentence range of 84-105 months, well below the 198 months he received. U.S.S.G. § 5A (1988).

If enhancement was proper, Maybeck's sentencing range was 168-210 months, see U.S.S.G. § 5A (1988), and his 198-month sentence was legal.**5**

On this appeal Maybeck maintains that the government failed to establish that his 1983 felonious escape was a crime of violence.

_____

**3** Although we knew when we decided Maybeck I that Maybeck had previously been convicted of escape, 23 F.3d at 890 n.3, we neither considered nor decided whether his earlier escape could be classified as a crime of violence within the meaning of U.S.S.G.§ 4B1.1 (1988), because we were unaware of the nature of that escape.

**4** Maybeck robbed the Mutual Savings and Loan Association on Randolph Road in Charlotte, North Carolina, on July 20, 1989, and on September 29, 1989. The 1989 Guidelines did not go into effect until November 1, 1989.

**5** The career offender guideline, section 4B1.1(C) (1988), gave Maybeck a base offense level of 32 because the maximum term for bank robbery is 20 years. See 18 U.S.C. § 2113(a). Maybeck was allowed a two-level reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1(a) (1988). Section 4B1.1 puts a career offender in criminal history Category VI. Offense level 30 at Category VI prescribes a sentence of 168-210 months. U.S.S.G. § 5A (1988).

Thus, he argues that his sentence is illegal because the final element (two violent crime convictions) of the career offender guideline, U.S.S.G. § 4B1.1 (1988), has not been satisfied.[6]

II.

Maybeck relies on Commentary Note 1 to U.S.S.G.§ 4B1.2 (1988), which defines what is a "crime of violence" within the meaning of U.S.S.G. § 4B1.1 (1988). According to this Commentary a crime of violence is

> an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or any other offense that is a felony and that by its nature involves a substantial risk that physical force against the person or property of another may be used in committing the offense. The Commission interprets this as follows: murder, manslaughter, kidnapping, aggravated assault, extortionate extension of credit, forcible sex offenses, arson, or robbery are covered by this provision. Other offenses are covered only if the conduct for which the defendant was specifically convicted meets the above definition. For example, conviction for an escape accomplished by force or threat of injury would be covered; conviction for an escape by stealth would not be covered. Conviction for burglary of a dwelling would be covered; conviction for burglary of other structures would not be covered.

(Emphasis supplied.)

Maybeck correctly argues that he must be sentenced in accord with this Commentary provision. Stinson v. United States, 113 S. Ct. 1913, 1915 (1993). See also United States v. Thompson , 891 F.2d 507, 511 (4th Cir. 1989) ("we presumably owe the Commission the usual deference to agency interpretations of statutes or regulations for whose

_____

[6] Maybeck concedes that he was at least eighteen when he robbed the savings and loan, that those robberies were crimes of violence, and that his earlier conviction for attempted armed robbery was for a crime of violence.

4

application the agency has some responsibility") (Phillips, J., concurring), cert. denied, 495 U.S. 922 (1990).**7** We must give Maybeck the benefit of the 1988 Commentary's "by stealth" exception to the general rule that escape is a crime of violence.**8** If Maybeck's escape was "by stealth," he must be resentenced.

At the conclusion of the second sentencing hearing the district court read the language of the 1983 felony indictment and concluded that, based on United States v. Aragon, 983 F.2d 1306 (4th Cir. 1993), "the escape in 1983 . . . would constitute a crime of violence and, therefore, put [Maybeck] back into the career offender status."

The district court was correct in concluding that Maybeck's 1983 escape conviction was for a crime of violence, but we cannot rely on Aragon to affirm that conclusion. Aragon , a non-guidelines case decided in 1993, held that "an attempt to rescue or assist a prisoner to escape, 18 U.S.C. § 752 (West 1976 & Supp. 1992), is categorically a `crime of violence.'" 983 F.2d at 1311. Aragon thus refused to recognize a "by stealth" exception to the general rule that escape is a crime of violence. Id. at 1313. However, because the 1988 Commentary to U.S.S.G. § 4B1.2 does explicitly recognize a "by stealth" exception, we must still satisfy ourselves that Maybeck's escape was not "by stealth."

"[A] legal rather than a factual approach[is taken in] determining which offenses qualify as crimes of violence." United States v. Wilson, 951 F.2d 586, 588 (4th Cir. 1991). In applying Wilson here,

_____

**7** The government suggests that Maybeck may not rely on the force/stealth distinction contained within the 1988 Commentary because the 1989 Commentary eliminates the distinction between escape by force and escape by stealth. See United States v. Aragon, 983 F.2d 1306, 1312 (4th Cir. 1993). We reject this suggestion. To refuse to allow a defendant to seek the benefit of a specific Commentary provision in effect at the time he committed an offense would violate the Ex Post Facto Clause if application of that provision would result in his receiving a lesser sentence. U.S. Const. art. I, § 9, cl. 3. See also Miller v. Florida, 482 U.S. 423 (1987); United States v. Morrow, 925 F.2d 779, 782 (4th Cir. 1991).
**8 See United States v. Hairston** , 71 F.3d 115 (4th Cir. 1995), for a discussion of the general rule.

5

a court would look first to the statutory definition of felonious escape in North Carolina to see if it lists as an element "the use, attempted use, or threatened use of physical force against the person or property of another." U.S.S.G. § 4B1.2, comment. (n.1) (1988). The definition of felonious escape in the North Carolina statute contains no such element or terms. See N.C. Gen. Stat. § 148-45(b)(1). "If the statutory definition of the offense does not use these terms, then the [] court may look to the conduct described in the indictment against the defendant (but no further) in determining if the offense presented a serious potential risk of physical injury to another." United States v. Neal, 27 F.3d 90, 93 (4th Cir. 1994) (per curiam) (citing United States v. Johnson, 953 F.2d 110, 113 (4th Cir. 1991)).

We turn, then, to the conduct charged in Maybeck's 1983 indictment. It said, "The defendant escaped while working under armed supervision from a prison road work crew." This description of the facts of Maybeck's escape is precise, going beyond the simple allegation that he escaped from lawful custody. An escape from a prison road work crew has great potential for violence, especially when the crew is under direct armed supervision. The escapee, already outside prison walls, begins his escape in a sensitive setting. As the government stressed during argument, a prison road work crew is out among the "open populace." Guards could be expected to react instantly to contain and end any escape from a road work crew, thereby enhancing the danger of injury to civilian bystanders, other prisoners and other guards. Conversely, a true escape by stealth (as where late one night a prisoner tunnels underneath a prison wall) poses fewer of the mentioned dangers. Maybeck's indictment does not say that he hid or in any way tried to conceal what he did. Rather, the indictment suggests that Maybeck escaped in broad daylight -- the antithesis of an escape by stealth.

For these reasons we hold that Maybeck's escape from the prison road work crew was "by force or threat of injury" and not "by stealth." Because the escape "involve[d] a substantial risk that physical force against the person or property of another[could] be used," U.S.S.G. § 4B1.2, comment. (n.1) (1988), the 1983 conviction was

6

for a crime of violence. Maybeck was properly resentenced as a career offender and his sentence is affirmed.

<u>AFFIRMED</u>

7