**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4291

HENRY DALE COZART,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CR-96-194)

Submitted: October 28, 1997

Decided: February 6, 1998

Before WILKINS and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Steven Hunter, STEVE HUNTER ASSOCIATES, L.C., Lewisburg,
West Virginia, for Appellant. Rebecca A. Betts, United States Attor-
ney, Susan M. Arnold, Assistant United States Attorney, Charleston,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Henry Dale Cozart pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West Supp. 1997). He appeals his sentence, contending that the district court improperly considered his prior state conviction for breaking and entering as a "crime of violence" in establishing his base offense level under U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (1995), and erred in declining to award him credit for time served. Finding no error, we affirm.

I.

Cozart and Charles Wayne Bradley had an altercation that esca- lated into gunfire across a public road. Upon his arrest, police officers seized from Cozart a .12-gauge shotgun he fired at Bradley. Cozart's record disclosed that he had pled guilty in North Carolina to crimes punishable by more than one year in prison--breaking and entering a building used as a residence in violation of N.C. Gen. Stat. § 14-54 (1993), and larceny in violation of N.C. Gen. Stat.§ 14-72(b)(2) (1993). The court conditionally accepted Cozart's guilty plea to being a felon in possession of a firearm pending preparation of a presen- tence report.

In the presentence report, the probation officer recommended that Cozart receive a base offense level of 20 under USSG § 2K2.1(a)(4)(A) because Cozart had a prior felony conviction in North Carolina for a crime of violence. Cozart objected at the sen- tencing hearing to the characterization of his North Carolina convic- tion for breaking and entering as a "crime of violence" because the North Carolina statute defines burglary broadly to include more than a dwelling. He also sought credit for time served on state charges while the instant charge was pending. The district court overruled

2

both objections, accepted Cozart's guilty plea as knowingly and voluntarily entered and supported by a factual basis, and sentenced Cozart to fifty-seven months imprisonment to be followed by a three-year supervised release term. This appeal followed.

II.

Cozart contends on appeal that the district court erred in establishing his base offense level at 20 under USSG § 2K2.1(a)(4)(A) because his North Carolina conviction for breaking and entering is not a "crime of violence" within the meaning of USSG § 4B1.2. We review de novo the district court's determination of whether an offense is a crime of violence. See United States v. Dickerson, 77 F.3d 774, 775 (4th Cir.), cert. denied, #6D6D 6D# U.S. ___, 65 U.S.L.W. 3259 (U.S. Oct. 7, 1996) (No. 95-9207).

A base offense level of 20 is warranted "if the defendant . . . had one prior felony conviction of . . . a crime of violence." See USSG § 2K2.1(a)(4)(A). A "crime of violence" is defined as

> any offense under federal or state law punishable by imprisonment for a term exceeding one year that--
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2; see USSG § 2K2.1, comment. (n.5) (incorporating by reference definition of "crime of violence" in § 4B1.2).

Cozart asserts that the Supreme Court's decision in Taylor v. United States, 495 U.S. 575 (1990), supports his contention that his North Carolina conviction for breaking and entering is not a "crime of violence." We have held to the contrary. See United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1992) (holding that "convic-

tions . . . for breaking or entering under N.C.G.S.§ 14-54 qualify as generic burglaries under the Taylor case" and support enhanced punishment under 18 U.S.C. § 924(e)); United States v. Raynor, 939 F.2d 191, 196-97 (4th Cir. 1991) (holding that breaking and entering unoccupied residence falls within definition of crime of violence in USSG § 4B1.2).

In deciding whether a prior offense is a crime of violence under USSG § 4B1.2, the district court looks to the elements of the offense charged, not to the underlying facts. See United States v. Wilson, 951 F.2d 586, 588 (4th Cir. 1991). But if the statutory definition is inadequate--as is the case here--courts may look to the underlying facts. See United States v. Neal, 27 F.3d 90, 93 (4th Cir. 1994). Because Cozart was indicted for and pled guilty to breaking and entering a residence under the North Carolina statute, the district court did not err in assigning a base offense level of 20 under USSG § 2K2.1.

Nor did the district court err in declining to award credit for time served on state charges. Under 18 U.S.C. § 3585(b) (1994), the Attorney General--not the district court--computes credit for time served. See United States v. Wilson, 503 U.S. 329, 334 (1992).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED