Filed:  March 18, 1998

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

------------------

No. 96-4160
(CR-95-59-V)

------------------

United States of America,

Plaintiff - Appellee,

versus

Alphonso Davis,

Defendant - Appellant.

------------------

O R D E R

------------------

The Court amends its opinion filed January 23, 1998, as follows:

On page 3, first full paragraph, line 5 -- the line is corrected to read "Davis from a photograph shown to him by local authorities."

For the Court - By Direction

/s/ Patricia S. Connor

Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4160

ALPHONSO DAVIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert R. Merhige, Jr., Senior District Judge,
sitting by designation.
(CR-95-59-V)

Submitted: December 30, 1997

Decided: January 23, 1998

Before HALL and WILKINS, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ernest E. Yarborough, James C. Galmore, LAW OFFICES OF YAR-
BOROUGH & CARTER, P.C., Winnsboro, South Carolina, for
Appellant. Mark T. Calloway, United States Attorney, Gretchen C.F.
Shappert, Assistant United States Attorney, Charlotte, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alphonso Davis was convicted by a jury of conspiracy to possess with intent to distribute and to distribute cocaine powder and crack cocaine, see 21 U.S.C. § 846 (1994). Because the offense involved more than fifty grams of crack and Davis had two prior felony drug convictions, he was subject to a mandatory life sentence. See 21 U.S.C.A. § 841(b)(1)(A) (West 1994 & Supp. 1997). Davis appeals his conviction, alleging that the government failed to prove a conspiracy. He also appeals his sentence, arguing that the district court clearly erred (1) in determining the amount of drugs for which he was held responsible, see U.S. Sentencing Guidelines Manual § 2D1.1 (1995); (2) in finding that he committed perjury at trial, see USSG § 3C1.1; and (3) in enhancing his sentence for possession of firearms in connection with the offense, see USSG § 2D1.1(b)(1). We affirm.

Taken in the light most favorable to the government, see Evans v. United States, 504 U.S. 255, 257 (1992), the evidence presented at trial established that, in early 1995, Davis bought cocaine from Armando Dangerfield, a supplier in Las Vegas, Nevada. On the first occasion, Davis traveled to Atlanta, where Dangerfield's girlfriend Angie delivered one kilogram of cocaine to him. Davis paid about $16,000 for the cocaine, sending it by Western Union to another girlfriend of Dangerfield's. Later, Dangerfield personally accepted $14,000 from Davis at Davis' home in Ridgeway, South Carolina, after which Angie again delivered cocaine to Davis in Atlanta. A short time after that, in March 1995, Dangerfield learned that Rodney Ferrell, one of Dangerfield's regular customers in Charlotte, North Carolina, wanted nine ounces of cocaine. Dangerfield directed Ferrell to Davis. When Ferrell arrived at Davis' house, Davis weighed out the cocaine for him and showed him how to cook powder cocaine into crack, but balked when he realized that Ferrell expected that Davis would front him the drugs. Davis called Dangerfield, who told him he

2

could trust Ferrell. Davis then gave Ferrell the cocaine and a rock of crack.

Later the same day, Ferrell met with his customer, an informant, and was arrested. State drug task force officers seized 248.1 grams of cocaine from Ferrell. He began to cooperate immediately, accompanied law enforcement authorities to South Carolina, and identified Davis from a photograph shown to him by local authorities. Davis' house and yard were searched under a warrant. From a disabled car parked in his yard, 15.2 grams of crack were recovered. A plastic bag at the edge of the yard contained 419.3 grams of powder cocaine, 312.5 grams of crack, and 24.6 grams of marijuana. The officers found two rifles and a shotgun as well a $1400 in cash in Davis' bedroom, two more shotguns in a utility room, a rifle in the living room, a shotgun in a second bedroom.

Dangerfield and Ferrell testified at Davis' trial. Telephone company records generally corroborated their testimony, showing calls from Davis' house to Dangerfield's Charlotte-based pager as well as to his Las Vegas pager. Davis also testified. He denied selling cocaine to Ferrell. He also denied making calls to Ferrell's girlfriend's number in Charlotte or to Dangerfield's pagers, claiming that a former acquaintance must have used his telephone.

On appeal, Davis first argues that the government failed to prove that he agreed to enter into a conspiracy, and proved at most one drug transaction between him and Ferrell. To prove a conspiracy to possess cocaine and cocaine base with intent to distribute, the government must show that (1) an agreement to possess the drugs with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (citations omitted). A conspiracy is generally proved by circumstantial evidence, id., which "may consist of a defendant's `relationship with other members of the conspiracy, the length of this association, [the defendant's] attitude [and] conduct, and the nature of the conspiracy.'" Id. at 858 (quoting United States v. Collazo, 732 F.2d 1200, 1205 (4th Cir. 1984)). A conviction for conspiracy may be reversed only when the government has clearly failed to present evidence on which a reasonable jury could conclude

3

that the defendant is guilty beyond a reasonable doubt. Id. at 862. The appellate court must not analyze each piece of evidence in isolation, but must base its review on the complete picture that the evidence presents, bearing in mind that credibility determinations are the province of the jury and are not subject to review. Id. at 863.

In this case, the government's evidence was sufficient for the jury to find that Davis conspired with Dangerfield and Ferrell to violate federal narcotics laws. Davis attempts to undermine the evidence by pointing out that none of the government witnesses admitted, on cross-examination, that they had specifically entered into an agreement with Davis. However, that there was such an agreement is made manifest by Davis' dealings with Dangerfield and Ferrell. In his reply brief, Davis suggests that we should apply a standard of "heightened vigilance" in reviewing conspiracy convictions, see United States v. Giunta, 925 F.2d 758, 766 (4th Cir. 1991), despite our subsequent decision in Burgos, which overruled Giunta. We find that, under either standard, Davis' conviction should stand.

After Davis' conviction, the probation officer calculated that he was responsible for 327.7 grams of crack, 1667.4 grams of powder cocaine, and 24.6 grams of marijuana. Because the offense involved more than fifty grams of crack, and because Davis had two prior convictions for felony drug offenses, he was subject to a mandatory life sentence. See 21 U.S.C.A. § 841(b)(1)(A).* Davis objected to the recommended amount of drugs, but made only a general denial of any involvement in the conspiracy. The district court overruled the objection. Davis now contends that the government failed to meet its burden of proof as to the amount of drugs and that the district court erred

_____

* The probation officer recommended that Davis be sentenced as a career offender because he had two prior felony convictions for drug trafficking. The effect was to raise Davis' criminal history category from IV to VI. The probation officer later revised the presentence report to reflect that one of the convictions was for possession of cocaine, rather than possession with intent to distribute, but recommended no change in the guideline calculations. Because simple possession is not a predicate offense for career offender status, Davis was not a career offender. See USSG § 4B1.2(2); United States v. Neal, 27 F.3d 90, 92 (4th Cir. 1994). This error had no practical effect on Davis' sentence.

4

when it failed to make specific findings concerning the amount of drugs attributable to him. We find no error. The government may meet its burden of proof through information contained in the presentence report unless the defendant properly objects to a recommended finding in the report. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). To properly object, the defendant must make an affirmative showing that the information objected to is inaccurate or unreliable. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Here, Davis' general objection did not call into question the probation officer's calculation of the drug amount and the district court was justified in adopting the recommendations in the presentence report. Id.

The remaining two issues raised by Davis did not affect his sentence because the statutory minimum sentence became the guideline sentence. See USSG § 5G1.1(b). However, the district court's finding that Davis had obstructed justice by giving perjured testimony at trial was both supported by the evidence and adequate under United States v. Dunnigan, 507 U.S. 87, 94 (1993). The court found that Davis had intentionally testified untruthfully about material matters. Similarly, the enhancement for possession of firearms was not clearly erroneous. The enhancement should be made if a weapon was present, "unless it is clearly improbable that the weapon was connected to the offense." USSG § 2D1.1(b)(1), comment. (n.3). In a conspiracy case, the proximity condition is met when the weapon is present in a place where the conspiracy is carried on or furthered. See United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992). Davis had eight firearms in his home, where he paid Dangerfield for cocaine, cooked crack, and sold cocaine to Ferrell.

The conviction and sentence are accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5