UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JAMES MICHAEL MARTIN,
*Defendant-Appellant.*

No. 00-4935

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-00-136)

Submitted: February 26, 2002

Decided: April 16, 2002

Before WILKINS, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Joseph E. Zeszotarski, Jr., POYNER & SPRUILL, L.L.P., Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

James Michael Martin pleaded guilty to one count of maintaining a place for the purpose of manufacturing, distributing, and using marijuana in violation of 21 U.S.C.A. § 856(a)(1) (West 1999 & Supp. 2001). Martin challenges the district court's decision to sentence him as a career offender based upon this offense pursuant to *U.S. Sentencing Guidelines Manual* § 4B1.1(c) (2000).[1] At the plea hearing, the district court abbreviated its description of the offense to one of maintaining a place for the "use of drugs" and "using marijuana" when it asked Martin how he pleaded to the offense. Martin argues that his assent to plead guilty to the offense articulated by the court thus either constitutes a plea for simple possession that cannot be used as a predicate for career offender sentencing, *see United States v. Neal*, 27 F.3d 90, 92 (4th Cir. 1994), or presents ambiguous sentencing alternatives as proscribed in *United States v. Baker*, 16 F.3d 854, 857-58 (8th Cir. 1994).

Because Martin advances these arguments initially on appeal, we review for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

Martin's indictment describes his offense as including the manufacture, distribution, *and* use of marijuana (JA 15, 20). Moreover, Martin acknowledged during his Rule 11 colloquy that he had received a copy of the indictment and thoroughly discussed its contents with his attorney. He also declined the court's invitation to further discuss his charges with his lawyer. (JA 31-32).[2]

---

[1] In order for USSG § 4B1.1 career offense status to apply, (1) a defendant must be at least eighteen at the time he committed the offense of conviction, (2) the offense of conviction must be a felony that is a crime of violence or a controlled substance offense, and (3) the defendant must have at least two prior felony convictions for either a crime of violence or a controlled substance offense. Martin was 46 years old at the time of sentencing and had two state felony drug trafficking convictions.

[2] Martin's plea agreement stated the charge to which he was pleading guilty as "maintaining a place for the purpose of manufacturing, distrib-

Most significantly, the district court described his offense as maintaining his dwelling for the purpose of "using *and* distributing marijuana," which fully apprized Martin of the elements of charge for which he was to plead. (JA 32) (emphasis added). Moreover, despite Martin's lack of education, the Rule 11 hearing and his attorney's representation insured that he was fully cognizant of the offense to which he pleaded.

Accordingly, we find that any error committed by the district court in abbreviating its reference to the charge against Martin was neither plain nor affected substantial rights. *Id.* at 734-35. We therefore affirm the district court's finding that Martin is a career offender. We conclude that this holding obviates the need to address the propriety of the district court's relevant conduct determinations, as Martin's career offender status dictates his base offense level under § 4B1.1(c). We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

uting, *and* using marijuana," in violation of 21 U.S.C. § 856(a)(1). (J.A. at 16, 20 (emphasis added)). The plea agreement further described the elements of the charge disjunctively, as maintaining a residence "for the purpose of either manufacturing, distributing *or* using marijuana." (J.A. at 20 (emphasis added)). The indictment, however, was worded in the conjunctive, and we conclude that Martin's consultations with his attorney, the indictment, and the Rule 11 hearing served to unambiguously inform him that he was pleading guilty to manufacturing, distributing, and using marijuana at his residence, not simply the use of it. *See United States v. Montgomery*, 262 F.3d 233, 242 (4th Cir. 2001) (noting that where a statute provides disjunctive means of establishing an element, the Government must charge in the conjunctive).