UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CARL RICHARD FELDER, JR., a/k/a
Rab,

*Defendant-Appellant.*

No. 02-4858

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CARL RICHARD FELDER, JR., a/k/a
Rab,

*Defendant-Appellant.*

No. 02-4922

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-99-751)

Submitted: October 22, 2003

Decided: April 6, 2004

Before LUTTIG, MOTZ, and KING, Circuit Judges.

No. 02-4858, Affirmed in part, vacated in part, and remanded, No.
02-4922, Affirmed by unpublished per curiam opinion.

**COUNSEL**

Jessica Salvini, SALVINI & BENNETT, L.L.C., Pickens, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Miller W. Shealy, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Carl Richard Felder appeals his conviction and 240 month sentence imposed upon his guilty plea to one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). He also appeals the district court's denial of his motion to reconsider his sentence. On appeal, Felder's counsel raises two issues: (1) whether the district court abused its discretion when it denied Felder's motion to withdraw his guilty plea, and (2) whether the district court conducted a proper Rule 11 hearing. *See* Fed. R. Crim. P. 11. Felder's first supplemental pro se brief raises three additional issues: (1) whether the indictment was defective; (2) whether the district court had jurisdiction to sentence Felder under 21 U.S.C. §§ 841(a)(1), 846; and (3) whether the district court warned Felder of a mandatory minimum sentence during the Rule 11 hearing. Finally, Felder's second supplemental brief asserts that the district court erred in determining the drug quantity attributable to him and further erred by sentencing him as a career offender under *United States Sentencing Guidelines Manual* § 4B1.1 (2002).

Felder's first contention on appeal is that the district court abused its discretion when it denied his pro se motion to withdraw his guilty plea. The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Ubakanma*, 215

F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Rather, a defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. *Id.* Factors considered in determining whether a defendant has shown a fair and just reason for withdrawing his guilty plea include: (1) whether the defendant has offered credible evidence that the plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the motion to withdraw; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will prejudice the government; and finally, (6) whether withdrawing the guilty plea will inconvenience the court and waste judicial resources. *Id.* Because all six of the *Moore* factors weigh against Felder, we conclude that the district court did not abuse its discretion in denying Felder's motion to withdraw his guilty plea.

Felder contends the court violated Rule 11(c)(3)(B) by failing to advise him that he would be unable to withdraw his plea if the court did not accept the sentencing recommendations contained in his plea agreement. This court closely scrutinizes the Rule 11 colloquy and has emphasized that an appropriately conducted guilty plea proceeding raises a strong presumption that the plea is final and binding. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992). Felder's challenge to the adequacy of the Rule 11 hearing is not supported by the record. Accordingly, we conclude the district court conducted a proper Rule 11 hearing.

Felder has also appealed the district court's denial of his motion to reconsider his sentence. Because Felder has failed to raise any arguments in his brief regarding the denial of his motion to reconsider his sentence, the review of that issue is waived. *See Canady v. Crestar Mortgage Corp.*, 109 F.3d 969, 973-74 (4th Cir. 1997)(holding issues raised in notice of appeal but not briefed are deemed waived).

Next, Felder asserts his indictment was defective because it did not state the date of his alleged crime with specificity and failed to give him notice of the exact crime for which he was being charged. In order for an indictment to be valid, it must: "(1) allege the essential facts constituting the offense; (2) allege each element of the offense,

so that fair notice is provided; and (3) be sufficiently distinctive that a verdict will bar a second prosecution for the same offense." *United States v. Bolden*, 325 F.3d 471, 490 (4th Cir. 2003). A review of the indictment demonstrates that Count One of the superceding indictment meets the criteria enumerated in *Bolden*.

Felder also asserts that the district court lacked jurisdiction to convict and sentence him under 21 U.S.C. §§ 841(a), 846, because his indictment did not specify the drug quantities for which he would be liable. Such claims are cognizable under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). However, Felder cannot establish an *Apprendi* error because his 240 month sentence did not exceed the statutory maximum penalty for these offenses set forth in § 841. *United States v. Kinter*, 235 F.3d 192, 199-202 (4th Cir. 2000); *see also United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001). Accordingly, we reject Felder's challenges to his indictment. Similarly, we reject Felder's *Apprendi* based challenges to the court's calculation of drugs attributable to him.

Felder next avers the district court erred during the Rule 11 hearing by failing to inform him of the statutory minimum sentence applicable to his case. Felder alleges that he was subject to a five year minimum sentence, but that the district court wrongly informed him at his plea hearing that there was no mandatory minimum sentence. Because a drug quantity was not charged in the indictment, the sentencing provision in § 841(b)(1)(C) is applicable. *United States v. Promise*, 255 F.3d 150, 152 (4th Cir. 2001). Section 841(b)(1)(C) has no mandatory minimum sentence. Therefore, the district court's statement at the Rule 11 hearing that there was no mandatory minimum sentence was correct, and this claim is meritless.

Finally, Felder challenges the district court's finding that he qualified as a career offender under USSG § 4B1.1. Felder contends the court erred by finding that his prior state conviction for aggravated assault and battery constituted a "crime of violence" within the meaning of USSG § 4B1.2(a). Because Felder did not raise this objection below, we review it for plain error, requiring Felder to demonstrate error that is plain, affects substantial rights, and seriously affects the fairness, integrity or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 731-32, 736-37 (1993).

Because Felder's conviction was for aggravated assault, it qualifies as a crime of violence under the career offender guideline. *See United States v. Dickerson*, 77 F.3d 774, 776 (4th Cir. 1996). Thus, we find no error.

Felder also contends that the court improperly counted several state convictions for simple drug possession as controlled substance offenses under USSG § 4B1.2(b). Felder attempted to object to such inclusion at his sentencing hearing. We have held that simple possession does not qualify as a controlled substance offense under the career offender guideline. *See United States v. Neal*, 27 F.3d 90, 92 (4th Cir. 1994). The sentencing transcript reflects that the court relied on at least two simple possession offenses in finding that Felder qualified as a career offender. This runs afoul of *Neal*.

The record, however, does not clearly demonstrate whether one of the drug offenses the court relied on, specifically, Felder's conviction in South Carolina from July 1992, amounted to mere possession of crack or possession of crack for distribution. The Presentence Report reflects the latter, but Felder objected to the characterization of this offense as a controlled substance offense at sentencing, specifically contending that while he was charged with this offense he ultimately pled guilty to simple possession. Apparently based on its belief that simple possession was sufficient to qualify as a controlled substance offense, the court did not resolve the discrepancy, but overruled Felder's objection on the ground of irrelevancy. We note that Felder has attached to his supplemental brief documentation purportedly from the United States Department of Justice that appears to support his assertion that he was ultimately convicted of mere possession. In light of the ambiguity regarding the proper characterization of Felder's July 1992 conviction involving the possession of crack, and the fact that the record reveals only one other potentially qualifying predicate offense under the career offender guideline, we vacate the district court's judgment and remand for reconsideration of whether Felder qualifies as a career offender and, if not, for resentencing. Accordingly, we grant Felder's motions to file supplemental briefs, but we reject the arguments raised therein, except Felder's contentions regarding the use of simple possession offenses against him in determining his career offender status. We affirm the district court's denial of Felder's motion to reconsider his sentence. We deny

Felder's motion for an en banc hearing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 02-4858 — *AFFIRMED IN PART, VACATED IN PART AND REMANDED*,

No. 02-4922 — *AFFIRMED*